**Ex parte Cecil PATTERSON.**

**No. 72,866.**

Court of Criminal Appeals of Texas.

June 10, 1998.

---

Cecil Ray Patterson, Amarillo, pro se.

Kathleen Walsh, Assistant District Attorney, Denton, Matthew Paul, State's Attorney, Austin, for State.

*OPINION ON COURT'S OWN MOTION FOR REHEARING*

HOLLAND, Judge, delivered the opinion of the Court, in which McCORMICK Presiding Judge, and KELLER, PRICE and WOMACK Judges, joined.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. TEX.CRIM. PROC.CODE ANN. § 11.07 (Vernon 1994). Applicant files this writ attacking his conviction for attempted capital murder in which the jury assessed punishment, enhanced by two prior felony convictions, at life imprisonment. TEX. PENAL CODE ANN. § 12.42(d) (Vernon 1994). Applicant claims he is entitled to a new trial because one of the two prior felony convictions used to enhance his punishment was subsequently held to be void. Relying on our decision in *Ex parte Nivens*, 619 S.W.2d 184 (Tex.Crim.App.1981), we initially granted applicant relief. *Ex parte Patterson*, No. 72,866 (Tex.Crim.App. Sept.17, 1997) (unpublished) (per curiam). The judgment was vacated and the cause remanded to the trial court for a new sentencing hearing. We withdrew this opinion on our own motion and granted rehearing to reexamine our holding in *Ex parte Nivens* in light of the 1985 amendments to Article V, Section 12(b) the Texas Constitution and Article 1.14(b) of the Code of Criminal Procedure.

### I. Facts

On March 4, 1993, applicant was convicted of attempted capital murder in Cause No. F–91–1447–B in the 158th Judicial District Court of Denton County [hereinafter "primary offense"]. No appeal was taken from this conviction. The conviction was affirmed. *Patterson v. State*, No. 2–93–214–CR (Tex. App.—Fort Worth, delivered Oct. 26, 1994, pet. ref'd). Nine months later, on December 7, 1993, applicant filed a post-conviction application for writ of habeas corpus attacking his conviction in Cause No. C74–4581–J which was used to enhance his punishment in the present case.[1] Applicant claimed the information in the prior burglary conviction was fundamentally defective because it failed to allege the required elements of burglary. Specifically, the information did not allege that entry onto the premises was accomplished "with the intent to commit a felony or theft."[2] *See* TEX. PEN.CODE ANN. § 30.03(a)(1) (Vernon 1994). The 3rd District Court recommended denial of habeas relief and entered findings of fact and conclusions of law accordingly.

On April 20, 1994, this Court held the burglary conviction was void due to the fun-

---

1. On May 31, 1974, Applicant entered a plea of guilty in Cause No. C74–4581–J in the 3rd District Court of Dallas County to the charge of burglary of a building. He was sentenced to six years imprisonment. No appeal was taken.

2. The information in the prior burglary of a building conviction alleged that applicant "did unlawfully then and there with intent to exercise control over the property of [complainant] enter a building which was not open to the public without the effective consent of [complainant] the said owner."

damental defect in the information. *Ex parte Patterson,* No. 71,833 (Tex.Crim.App. April 20, 1994) (unpublished) (per curiam). Relying on *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Crim.App.1976) we observed that the information's allegation that applicant intended to "exercise control over the property," was insufficient to allege the crime of theft and could not support his conviction. Applicant's conviction was set aside and the information dismissed.

On May 23, 1997, applicant filed this post-conviction application for writ of habeas corpus claiming entitlement to a new trial in the present cause because the conviction in Cause No. C74–4581–J was used to enhance his punishment. We initially granted applicant habeas relief under our decision in *Ex parte Nivens,* 619 S.W.2d 184 (Tex.Crim.App. 1981). Relying on *Nivens,* we held that applicant's failure to object to the use of the prior conviction to enhance his punishment did not prevent him from attacking the subsequent conviction in a post-conviction habeas application. On September 17, 1997, we withdrew this opinion and granted rehearing so that we could reexamine our decision in *Nivens* in light of the 1985 amendments requiring an accused to object to defects of substance or form contained in the charging instrument prior to the date of trial.

## II. Charging Instrument Defects Prior to 1985

Since our decision in *Nivens,* the legislature amended Article V, Section 12 of the Texas Constitution and Article 1.14(b) of the Code of Criminal Procedure to change the *effect* of a defect of substance. Prior to the 1985 amendments, the Texas Constitution

treated a charging instrument's failure to allege all elements of the offense as a fundamental defect that deprived the trial court of jurisdiction. *Studer v. State,* 799 S.W.2d 263, 266–67 n. 4 (Tex.Crim.App.1990); *see also Fisher v. State,* 887 S.W.2d 49, 54 (Tex.Crim. App.1994). Without jurisdiction, any judgment the trial court entered was rendered void and could be attacked at any time. The error could be raised for the first time on appeal, or in a post-conviction application for writ of habeas corpus. *See Thompson v. State,* 697 S.W.2d 413, 415 (Tex.Crim.App. 1985); *Ex parte Banks,* 542 S.W.2d 183, 184 (Tex.Crim.App.1976). The penal code's recidivist statute extended the ability to collaterally attack the validity of a conviction to prior convictions used to enhance punishment. TEX. PENAL CODE ANN. § 12.42 (Vernon 1994); *see Ex parte Howeth,* 609 S.W.2d 540, 541 (Tex.Crim.App.1980). Based upon this right, we recognized in *Nivens* that defense counsel's failure to object at trial to the use of the prior conviction later held to be void due to a fundamental defect did not prevent the defendant from attacking the subsequent conviction by way of habeas application. *Id.* at 184.

In *Hill v. State,* 633 S.W.2d 520 (Tex.Crim. App.1982) (opinion on motion for reh'g), however, we held that the failure to object to the use of an "infirm" prior conviction to enhance punishment prevented the defendant from subsequently attacking the conviction on that basis.[3] We later distinguished the holding in *Hill* from that of *Nivens, Howeth,*[4] and *Garcia*[5]. In *Ex parte White,* 659 S.W.2d 434 (Tex.Crim.App.1983) this Court recognized that an objection was necessary in *Hill* because, unlike convictions rendered void due

---

3. The defendant in *Hill* was convicted of felony theft, enhanced by two prior felony convictions. He simultaneously filed an application for writ of habeas corpus and a direct appeal claiming that one of the two enhancement offenses was void because he was indigent and not represented by counsel at the time the sentence was pronounced. *Id.* at 523. Initially, this Court relied on *Smith v. State,* 486 S.W.2d 374 (Tex.Crim. App.1972) to allow consolidation of the defendant's writ application and direct appeal. On rehearing, however, we concluded that our reliance on *Smith* was improper because this Court had subsequently held that a defendant could not collaterally attack a conviction on the basis of

lack of representation at a prior conviction used for enhancement purposes if he did not so object at trial. The Court also noted that its reliance on *Ex parte Nivens,* 619 S.W.2d 184 (Tex.Crim.App. 1981) and *Ex parte Howeth,* 609 S.W.2d 540 (Tex.Crim.App.1980) was misplaced because both convictions were based on void charging instruments.

4. *Ex parte Howeth,* 609 S.W.2d 540 (Tex.Crim. App.1980).

5. *Ex parte Garcia,* 578 S.W.2d 141 (Tex.Crim. App.1979).

to a fundamental defect in the charging instrument, convictions based on an "infirm" prior conviction properly charge an offense and invoke the trial court's jurisdiction once presented. *Id.* at 435. An examination of Article V, section 12 of the Texas Constitution indicates that this jurisdictional distinction recognized in *White* did not survive the 1985 amendments.

### III. Charging Instrument Defects After the 1985 Amendments

■ In *Studer v. State*, 799 S.W.2d 263 (Tex.Crim.App.1990), after analyzing the amendments' language and legislative histories, we recognized that the amendments changed the *effect* of a defect of substance. Now a defect of substance in a charging instrument does not automatically render a judgment void. Under the amended definition of the Texas Constitution, to constitute an indictment or information, an instrument must "charg[e] a person with the commission of an offense." TEX. CONST. ART. V, § 12(b) [6]. Consequently, an indictment or information flawed by a defect of substance but which purports to charge an offense is not fundamentally defective and, in the absence of a pretrial objection, will support a conviction.[7] *Id.* at 271–273; *Ex parte Gibson,* 800 S.W.2d 548, 551 (Tex.Crim.App.1990). It is only where an instrument fails to satisfy that requirement that it is void and incapable of invoking the court's jurisdiction. The absence of jurisdiction renders the judgment a complete nullity and exempts the defendant from the rules of procedural default. Thus, a defendant's failure to object as required by

article 1.14(b) does not waive the defect because the judgment's voidness is cognizable at anytime.

### IV. Defect Resulting from Use of Void Judgment To Enhance Punishment

■ The question arises, however, when a void judgment is used to enhance a subsequent offense whether the new indictment contains a cognizable defect requiring an objection. *See* TEX.CRIM. PROC.CODE. ANN. § 1.14(b). We hold that the new indictment contains a cognizable defect when, as in this case, it relies on a void judgement (of conviction) to enhance.[8] A cognizable defect is present under these circumstance not because the indictment for the new offense is automatically imputed as being void due to the presence of the void conviction used to enhance. Rather, a cognizable defect is present because the indictment's reliance on the void conviction renders it voidable and subjects the enhancement portion of the indictment to being voided by the trial court.

In the present case, the prior judgment (of conviction) used to enhance was void. Because the indictment for the new offense relied on this conviction to enhance, the indictment contained a cognizable defect and was voidable. The enhancement portion of the indictment was subject to being voided by compliance with the applicable rules of procedural default. As discussed above, the applicable rules for procedural default for indictments set out in Article 1.14(b) of the Code of Criminal Procedure require a defendant to object to any defects of substance or

---

6. Article V, Section 12(b) of the Texas Constitution provides:

 An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and information, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the case.

7. Article 1.14(b) of the Code of Criminal Procedure was amended to provide:

 If the defendant does not object to a defect, error, or irregularity of form or substance in

an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with article 28.01 of this code.

8. Accordingly, a new indictment would also contain a cognizable defect where the prior judgment(of conviction) was voidable and subsequently voided in a proceeding specifically directed for that purpose.

form in the charging instrument prior to the day of trial. Applicant's failure to object to the error in the enhancement portion of the indictment waived the error by procedural default. To the extent that this holding conflicts with *Ex parte Nivens* and its progeny, they are overruled.

### V. Ineffective Assistance of Counsel Claim

 Applicant contends that his trial counsel denied him the right to effective assistance of counsel. Specifically, he claims that his trial counsel was ineffective because he neither investigated the validity of the prior convictions nor objected to their use for enhancement.

The trial court has not entered findings of fact or conclusions of law. In light of our holding, we believe that applicant has alleged facts that, if true, might entitle him to relief. Therefore, we remand this matter to the trial court for resolution of the factual issues presented in accordance with Article 11.07, § 3(d) of the Code of Criminal Procedure. The trial court may order affidavits from trial counsel addressing whether counsel investigated the validity of the prior convictions alleged in the enhancement paragraph and his reasons for not objecting to the enhancement paragraph. If trial counsel's actions were based on trial strategy, counsel should explain this strategy.

The trial court may also order a hearing. If the trial court elects to hold a hearing that court should first decide whether applicant is indigent. If the trial court finds that applicant is indigent, and applicant desires representation by counsel, the trial court will then, pursuant to the provisions of Article 26.04, V.A.C.C.P., appoint an attorney to represent him at the hearing. Following receipt of this information the trial court should make findings of fact as to trial counsel's effectiveness. The trial court should also make any further findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's application for habeas corpus relief.

Since this Court does not hear evidence, *Ex parte Rodriguez,* 169 Tex.Cr.R. 367, 334 S.W.2d 294 (Tex.Crim.App.1960), we will hold this application for a post-conviction writ of habeas corpus in abeyance pending the trial court's compliance with this order. Resolution of the issues shall be completed by the trial court within 90 days of the date of this order.[9] A supplemental transcript and the trial court's supplemental findings of fact and conclusions of law shall be returned to this Court within 120 days of the date of this order.[10]

It is so ordered this the 10th Day of June, 1998.

MANSFIELD, J., joined with a concurring opinion.

BAIRD, J., delivered a concurring and dissenting note.

OVERSTREET, J., dissented.

MEYERS, J., delivered a dissenting opinion.

BAIRD, Judge, concurs and dissents.

I concur in the decision to remand this cause to the habeas court to make findings of fact and conclusions of law regarding the claim of ineffective assistance of counsel. However, I dissent to the majority's treatment of applicant's contention that the information was fundamentally defective. Because of the action taken on applicant's ineffective assistance of counsel claim, it is unnecessary to reach the merits of the defective information claim and, in the process, overrule *Ex. parte Nivens,* 619 S.W.2d 184 (Tex.Cr.App.1981).

MANSFIELD, Judge, concurring.

Because this Court held that the 1974 burglary conviction used to enhance applicant's sentence in the present case (attempted capital murder) was void due to a fundamentally defective information, it appears initially applicant is entitled to relief in the form of a

---

9. If a continuance is granted, copies of the order shall be filed with this Court.

10. Any extensions must be granted by this Court.

new sentencing hearing.[1] However, I would file and set this cause to reconsider our opinion in No. 71,833 on the ground that the doctrine of laches should have been applied at that time, and, therefore, he may not now be entitled to relief.

While we have never applied the doctrine of laches to applications for writs of habeas corpus filed under Texas Code of Criminal Procedure, Article 11.07, federal courts and the courts of several states have long recognized the equitable doctrine of laches in this area. *See* Rule 9, 28 U.S.C. 224; *Strahan v. Blackburn*, 750 F.2d 438, 441 (5th Cir.1985); *Walters v. Scott*, 21 F.3d 683, 683 (5th Cir. 1994); *Lonchar v. Thomas*, 517 U.S. 314, 116 S.Ct. 1293, 1298, 134 L.Ed.2d 440 (1996); *Falkner v. State*, 586 So.2d 39 (Ala.Crim.App. 1991); *In re Stankewitz*, 40 Cal.3d 391, 220 Cal.Rptr. 382, 708 P.2d 1260 (1985); *Thomas v. State*, 903 P.2d 328 (Okla.Crim.App.1995); *Flute v. Class*, 559 N.W.2d 554 (S.D.1997).

The doctrine of laches does not impose an absolute deadline analogous to a statute of limitations by which an applicant must file his habeas corpus petition in order to have it considered on the merits. It is my opinion, however, that a twenty year interval between the date of conviction and the date of filing of the habeas corpus application challenging the validity of that conviction may well be *per se* unreasonable.[2] As laches is a concept rooted in principles of equity, to allow challenges to decades-old non-capital convictions, absent the most compelling showing of good cause justifying such a delay, is not equitable to the State and offends the interest society has in finality of judgments in criminal cases.

Accordingly, I would file and set this application in order to determine:

(1) Whether the doctrine of laches should be adopted by this Court and, if so, whether it should be applied in the present case; and

(2) In light of *Studer* and the 1985 amendment to Texas Constitution, Article 5, Section 12(b), should we revisit our holding in Cause No. 71,833 and, thereby, apply *Studer* to all applications for writ of habeas corpus filed after the date our holding in *Studer* became final.

However, as the Court is presently not inclined to address the applicability of the doctrine of laches to writs filed pursuant to Article 11.07, I join the opinion of the Court.

MEYERS, Judge, dissenting.

Applicant is entitled to relief. The judgment should be vacated and the cause remanded for a new sentencing hearing without enhancement by a conviction since held void.

Applicant's conviction was enhanced by a prior conviction which was set aside under pre-*Studer* law on grounds it was void due to a fundamentally defective indictment. Applicant claims he should get a new punishment hearing, without enhancement by the conviction that has since been set aside as void. As far as I can tell, the majority rejects applicant's claim because under current, post-*Studer* law, the indictment supporting the prior conviction "is not fundamentally defective and, in the absence of a pretrial objection, will support a conviction." *Majority op.* at 19.

I'm not sure I follow the reasoning of the Court. I think it goes something like this: although the enhancement conviction was properly held void under the applicable pre-*Studer* law, applicant should have objected to its use for enhancement since it would not be held void under current post-*Studer* law. But the prior conviction is not subject to post-*Studer* law. The prior conviction is void under the law applicable to it. And no objection need be made to a void conviction.

In reaching its holding, the majority overrules *Ex parte Nivens*, 619 S.W.2d 184 (Tex. Crim.App.1981). The problem is, there is nothing wrong with the reasoning in *Nivens;* that case just happened to involve a conviction held void under the same pre-*Studer* law

---

**1.** *Ex parte Patterson,* No. 71,833 (Tex.Crim.App. 1994) (unpublished).

**2.** It should be noted that, under current law, applicant would not be able to challenge the validity of the 1974 burglary conviction as the information was not fundamentally defective and he did not timely challenge the information via pretrial objection. *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990).

responsible for rendering void the enhancement conviction in the instant case. The petitioner in *Nivens* was convicted of burglary, with punishment enhanced by a prior felony conviction. The prior conviction was later set aside when it was determined that the information in that case was fundamentally defective (per pre-*Studer* law). The petitioner sought a new trial in the burglary case on the ground the conviction was enhanced by a prior conviction that had been set aside as void. We granted relief. The reasoning underlying the holding is that a conviction enhanced by a prior conviction which is later set aside as void, whatever the reason, cannot stand. And the prior conviction need not have been the subject of an objection. Illustrative of the point that the reasoning in *Nivens* did not depend upon why the prior conviction was held void, the Court there cited as support *Smith v. State*, 486 S.W.2d 374 (Tex.Crim.App.1972), in which the prior conviction was set aside because the defendant had been without counsel at his probation revocation, and *Ex parte Elizalde*, 594 S.W.2d 105 (Tex.Crim.App. 1980)(op. on reh'g), in which the prior conviction was set aside because it violated the Double Jeopardy Clause. The point to all of these cases is simply that a conviction set aside as void cannot serve as the basis for enhancing another conviction. Overruling *Nivens* because the prior conviction in that case was held void (and thus not in need of an objection) under law that has been since *Nivens* legislatively superceded is meaningless. It does not change the fact that the controlling law at the time the conviction was set aside in the instant case rendered it void. A void conviction never calls for an objection; it is irrelevant that the conviction would not be rendered void under the current law.

I dissent.