Affirmed and Opinion filed January 16, 2003









Affirmed
and Opinion filed January 16, 2003.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00073-CR

____________

 

DAVID D. FALCONE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 860,873

 



 

M E M O R A N D U M   O
P I N I O N

Appellant David D. Falcone was charged by indictment with the
felony offense of aggravated sexual assault of a child.  Appellant pleaded guilty to the offense and
was sentenced to 30 years= confinement in the Texas Department of Criminal Justice,
Institutional Division.  In a single
point of error, appellant contends that the indictment violated his due process
rights under the Fifth and Fourteenth Amendments of the United States Constitution
because it did not allege a culpable mental state as to the age of the minor
victim.  Specifically, appellant contends
the indictment was defective because it did not allege appellant knew the
victim was under fourteen years of age. 
We affirm.








Factual and Procedural Background

Appellant was charged by indictment on November 29, 2000 with
the felony offense of aggravated sexual assault of a child.  The victim was appellant=s 13-year-old step-daughter.

Appellant entered a guilty plea on September 19, 2001, in
accordance with an agreement with the State. 
In relevant part, the agreement provided the following:  (1) there was no agreed recommendation
regarding punishment, (2) a presentence investigation (PSI) would be ordered,
and (3) the State would recommend a sentencing cap of forty years.  In a form document entitled “Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession,” appellant
also agreed to waive any right of appeal he may have if the court accepted his
agreement with the State.  

On December 18, 2001, the trial court, after receiving the
PSI report and hearing testimony from witnesses for both parties, found appellant
guilty and sentenced him to 30 years= confinement in the Texas Department
of Criminal Justice, Institution Division.[1]
Appellant filed a general notice of appeal the same day.

Discussion

The State argues that we lack jurisdiction over the appeal
because appellant=s general notice of appeal failed to comply with the
requirements of Texas Rule of Appellate Procedure 25.2(b)(3), and appellant
agreed to waive the right to appeal as part of the plea agreement.  However, assuming, without deciding, that we
have jurisdiction over appellant=s appeal, we find that appellant has
waived his sole issue.  








Texas Code of Criminal Procedure article 1.14(b) provides
that if a defendant does not object to a defect, error, or irregularity of form
or substance in an indictment or information before the date on which the trial
on the merits commences, he waives and forfeits the right to object to the
defect, error, or irregularity, and he may not raise the objection on appeal or
in any postconviction proceeding.  See
Tex. Code Crim. Proc. Ann. art.
1.14(b) (Vernon Supp. 2002).  The failure
to allege an element of an offense in an indictment or information is a defect
of substance.  Studer v. State,
799 S.W.2d 263, 268 (Tex. Crim. App. 1990). 
Article 1.14(b) requires substance exceptions to be raised pretrial;
otherwise, the defendant has forfeited his right to raise the objection on
appeal or by collateral attack.  Id.  Consequently, an indictment or information
flawed by a defect of substance but which purports to charge an offense is not
fundamentally defective and, in the absence of a pretrial objection, will
support a conviction.  Ex Parte
Patterson, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998); Duron v. State,
956 S.W.2d 547, 551 (Tex. Crim. App. 1997).

Here, the record contains no indication that appellant ever
objected to the indictment.  While
appellant acknowledges that no pretrial motions were filed to bring the alleged
defect in the indictment to the trial court=s attention, he offers no argument or
authority to support any contention that this case falls within an exception to
the requirements of article 1.14(b). 
Instead, he merely states, in a cursory fashion, that it would have been
“futile” to file any pretrial motions because “this genre of offense is deemed
one of strict liability under Texas law.” 
Therefore, we find that appellant has waived his sole issue and presents
nothing for review.  

The judgment is affirmed.

 

 

 

/s/        Paul C. Murphy

Senior Chief Justice

 

 








 

Judgment rendered
and Opinion filed January 16, 2003.

Panel consists of Chief Justice Brister and Justices
Hudson and Murphy.[1]  (Hudson, J. concurs without opinion.)

 

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant was
also required to register as a sex offender.





[1]  Senior
Chief Justice Paul C. Murphy participating by assignment.