United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20701

———————————————

DeMARCO MARKEITH McCULLUM,

Petitioner - Appellant,

versus

DOUG DRETKE, Director, Texas Department of Criminal Justice, Correctional
Institutions Division,

Respondent - Appellee.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(No. H-02-4580)

———————————————————————

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

DeMarco Markeith McCullum ("McCullum") seeks a certificate of appealability

("COA") so that he can appeal the district court's denial of his federal habeas corpus

petition. Because McCullum's claims were adequately and correctly addressed in the

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

district court's opinion, and because reasonable jurists would not find it debatable whether that court's denial of McCullum's underlying claims was correct, we deny McCullum's petition for a COA.

## I. FACTS AND PROCEEDINGS

In July 1994, McCullum, apparently because he believed he needed money to buy clothes for college, and because he believed that homosexuals always carry lots of cash, decided to rob a homosexual man. On July 30, McCullum and three friends drove to a club frequented by homosexuals and proceeded to attack and kidnap their victim. McCullum directed the group to drive to a secluded area so that he could kill the victim. When questioned by his friends about why the victim had to die, McCullum responded that he must die because he knew their names; McCullum then shouted the name of each member of the group, including his own name. The victim pleaded for his life; McCullum shot him in the back of the head.

McCullum was convicted and sentenced to death in Texas. The Texas Court of Criminal Appeals ("TCCA") affirmed both his conviction and his sentence on direct review. McCullum's state habeas application was rejected by the TCCA. McCullum next filed a federal habeas petition challenging only his sentence. The district court denied McCullum's petition, and McCullum now seeks a COA.

## II. STANDARD OF REVIEW

Because McCullum's federal habeas action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), that statute

2

applies. A federal habeas court defers to a state court decision unless that decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Federal law if: (1) "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable" application of clearly established Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. "Unreasonable" does not mean merely incorrect; a determination must be both incorrect and objectively unreasonable to warrant federal habeas relief. Foster v. Johnson, 293 F.3d 766, 776 (5th Cir. 2002). "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." Id. at 776-77 (citation omitted); 28 U.S.C. § 2254(e)(1).

There is no automatic right to appeal the district court's denial of habeas relief, 28 U.S.C. § 2253, and a COA will issue "only where a petitioner has made a 'substantial

showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)). "A petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. (quotations omitted). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. . . . This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Id.

## III. DISCUSSION

McCullum seeks a COA on the following four issues: (1) whether he was entitled to a jury instruction on parole eligibility when the alternative to the death penalty was a life sentence with the possibility of parole; (2) whether he was entitled to have the term "society" defined for the jury; (3) whether Texas's capital sentencing system is unconstitutional because the death penalty is not uniformly applied; and (4) whether there was sufficient evidence to support the jury's verdict.

A.    Jury instruction on parole eligibility

McCullum argues that the trial court's refusal to inform the jury of how many years a prisoner serving a life sentence for capital murder must serve before becoming eligible for parole violated his Eighth and Fourteenth Amendment rights.

"In Simmons v. South Carolina, 512 U.S. 154 (1994), th[e Supreme] Court held that

4

where a capital defendant's future dangerousness is at issue, and the only sentencing alternative to death available to the jury is life imprisonment without possibility of parole, due process entitles the defendant 'to inform the jury of [his] parole ineligibility, either by a jury instruction or in arguments by counsel.'" Shafer v. South Carolina, 532 U.S. 36, 39 (2001) (quoting Simmons) (emphasis added); Ramdass v. Angelone, 530 U.S. 156, 165 (2000) (plurality opinion) (describing Simmons's premise).

Texas law does not have a life-without-parole alternative to the death penalty. Consequently, Texas courts have held that a trial court's refusal to submit a jury instruction stating that, were the defendant given a life sentence, he would be ineligible for parole for a minimum number of years does not violate the cruel and unusual punishments prohibition of the Eighth Amendment or the due process clause of the Fourteenth Amendment. Smith v. State, 898 S.W.2d 838, 848-53 (Tex. Crim. App. 1995) (plurality opinion), cert. denied, 516 U.S. 843 (1995). As this Court has noted "[a] state must give a jury instruction regarding parole ineligibility if (1) the state introduces the defendant's future dangerousness in asking for the death penalty, and (2) the alternative sentence to death is life without the possibility of parole." Tigner v. Cockrell, 264 F.3d 521, 525 (5th Cir. 2001). The second condition is not met, and Texas law on this matter is clear. Because Texas law does not provide for an alternative sentence of life-without-parole, the trial court did not err in refusing to explain McCullum's potential parole eligibility.

B.     Jury instruction on the meaning of "society"

McCullum argues that the trial court erred in not defining the term "society" when

5

instructing the jury to consider whether he "would constitute a continuing threat to society." He further argues that because he would not be eligible for parole for many years, it was improper for the jury to focus on his threat to free society as opposed to prison society.[1]

McCullum raised this issue for the first time in his state habeas petition. Because he failed to make a timely objection to the trial court regarding the jury charge, Texas law precludes the issue from being raised on appeal. See Ex parte Patterson, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998) (noting Texas's contemporaneous objection rule). The state habeas court found that McCullum procedurally defaulted this claim by not objecting at trial. The federal habeas court found that this claim was barred because of McCullum's default and his failure to show cause and prejudice in his habeas petition.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Because McCullum has not even suggested (much less shown) cause for the default and prejudice as a result, nor alleged a fundamental

---

[1] Texas law holds that "in deciding whether a defendant poses a continuing threat to society, a jury considers not only free society, but also prison society. Because the length of [a defendant's] incarceration does not reduce or increase his future dangerousness, it is not relevant to that issue." Morris v. State, 940 S.W.2d 610, 613 (Tex. Crim. App. 1996).

miscarriage of justice, this claim is barred, and no COA will issue on it.

C.      Whether Texas's capital sentencing system is unconstitutional because the death penalty is not uniformly applied

McCullum argues that Texas's capital sentencing system is unconstitutional as applied. When he first raised this claim during the state habeas proceedings, that court found that McCullum had procedurally defaulted on the claim by not raising an objection in front of the trial court. The federal habeas court, applying Coleman, found the claim procedurally barred.[2] Because McCullum again has not suggested cause for the default and prejudice as a result, nor alleged a fundamental miscarriage of justice, this claim also is barred, and no COA will issue on it.

D.      Whether there was sufficient evidence to support the jury's verdict

McCullum also argues that the evidence does not support the jury's finding that he was a continuing threat to society, in part because he was incarcerated for eight years without any disciplinary infractions. He argues that because he has not committed violent acts in prison, he does not constitute a continuing threat to society. McCullum also asserts that Texas's focus on his probable (instead of actual) threat to society does not meet constitutional requirements.

The Supreme Court upheld Texas's inquiry into probable future danger in Jurek v. Texas, 428 U.S. 262, 274-76 (1976). See Simmons, 512 U.S. at 162. Because we cannot

---

[2] After finding the preceding two claims to be procedurally barred, the district court engaged in a thorough analysis of the merits, and found both claims to be lacking. Because we find these claims to be procedurally barred, we do not address the merits.

7

overrule binding Supreme Court precedent, we decline McCullum's invitation to reject Jurek.

McCullum's only remaining claim is that there was not sufficient evidence for the jury to find him a continuing threat to society.

> Our standard of review for an insufficient evidence claim in a federal habeas corpus proceeding is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." In applying this standard, a federal habeas court refers to the state's criminal law for the substantive elements of the offense.

Hughes v. Johnson, 191 F.3d 607, 619 (5th Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Under Texas law, a jury can consider a variety of factors when determining whether a defendant will pose a future threat to society.

> These factors include, but are not limited to: (1) the circumstances of the capital offense, including the defendant's state of mind and whether he was working alone or with other parties; (2) the calculated nature of the defendant's acts; (3) the forethought and deliberateness exhibited by the crime's execution; (4) the existence of a prior criminal record, and the severity of the prior crimes; (5) the defendant's age and personal circumstances at the time of the offense; (6) whether the defendant was acting under duress or the domination of another at the time of the offense; (7) psychiatric evidence; and (8) character evidence.

Wardrip v. State, 56 S.W.3d 588, 594 n.7 (Tex. Crim. App. 2001). "[T]he facts of the crime alone, if severe enough, can be sufficient to support the affirmative finding [as to future dangerousness]." Miller v. Johnson, 200 F.3d 274, 286 (5th Cir. 2000) (applying Texas law).

In the case sub judice, the particularly wanton nature of the crime provides sufficient evidence for the jury have found future threat to society. The prosecution also produced evidence that McCullum participated in at least three other incidents in which

8

victims had been robbed, assaulted, terrorized, and, in one case, shot and paralyzed. Because there was ample evidence for the jury, under Texas law, to find that McCullum constituted a future threat to society, this claim also fails.

## IV. CONCLUSION

For the foregoing reasons and because we find no error with the district court's thorough analysis of McCullum's federal habeas petition, McCullum's petition for a COA is DENIED.