NO. 07-05-0084-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 7, 2005

_____

JESUS ANTU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15708-0409; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following an open plea of guilty, appellant Jesus Antu was convicted of driving while intoxicated. The offense was enhanced to a third degree felony due to two prior convictions, and he was sentenced to five years confinement and a $2,000 fine. By two

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

points of error, he contends (1) the indictment failed to establish a range of punishment for a third degree felony because it failed to properly allege two prior offenses relating to the operating of a motor vehicle while intoxicated, and (2) there was insufficient evidence to conclude that he had twice been previously convicted of an offense relating to the operating of a motor vehicle while intoxicated. We affirm.

The State's indictment charges appellant with the offense of driving while intoxicated on or about August 8, 2004. The enhancement portion of the indictment reads as follows:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 28th day of April, 2003, in the 64TH DISTRICT COURT of Hale County, Texas, in cause number A14669-0210, the defendant was convicted of an offense relating to the driving or operating of a vehicle while intoxicated; and on the 24th day of June, 1997, in the 64TH DISTRICT COURT of Hale County, Texas, in cause number A11901-9411, the defendant was convicted of an offense relating to the driving or operating of a motor vehicle while intoxicated . . . .

After the indictment was read, the court asked appellant's counsel, "Do you have any motion to set aside the indictment or other special plea or pleas to the form or substance of the indictment?" Appellant's counsel replied that he did not. Appellant then admitted that each and every allegation in the indictment was true and correct. Appellant now contends the language "relating to the driving or operating of a *vehicle* while intoxicated" fails to allege an offense which allows his conviction to be enhanced to a third degree felony under section 49.09(b)(2) of the Penal Code because it does not include the term "motor" as provided in the statute. We disagree.

2

It is well established that an indictment must charge a person with the commission of an offense and must allege all essential elements of the offense sought to be charged. Cook v. State, 902 S.W.2d 471, 476-77 (Tex.Cr.App. 1995). In order to complain on appeal of a defect, error, or irregularity of form or substance in an indictment, a defendant must object to the defect at trial. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). *See also* Tex. R. App. P. 33.1(a). However, a defendant's failure to object will not result in the waiver of a complaint that an indictment fails to charge him with the commission of an offense. *See, e.g.,* Ex parte Patterson, 969 S.W.2d 16 (Tex.Cr.App. 1998). Here, the indictment contains all of the essential elements required to convict appellant of felony DWI under section 49.09(b)(2). Furthermore, appellant failed to object or otherwise inform the court of the discrepancy in the wording of the enhancement allegations. Therefore, he failed to preserve his complaint for appellate review, and his first point is overruled.

By his second point, appellant claims the absence of the word "motor" in one the enhancement allegations results in there being only one prior conviction for enhancement purposes, thereby making the indictment insufficient to prove a third degree felony under § 49.09(b)(2). Again, based on our analysis above, appellant failed to preserve this complaint for appellate review. He also argues that even though he testified that all of the allegations in the indictment were true, the State did not prove them to be true. However, apart from making that declaration in his brief, appellant wholly fails to present any argument or authority to support this position. Thus, it presents nothing for our review. *See* Tex. R. App. P. 38.1(h) (requiring appellant's brief to contain a clear and concise

3

argument for the contentions made with appropriate citations to authorities and to the record).  Appellant's second point is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.