

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00169-CR

STEPHEN W. PENDERGRASS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F14437

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After Stephen W. Pendergrass entered a plea of guilty in October 2013 to the charge of delivery of a controlled substance, the trial court entered an order placing him on deferred adjudication community supervision for a period of five years. Less than a year later (in April 2014), the State moved to adjudicate guilt alleging that Pendergrass had violated five of the conditions of his community supervision. At the hearing on this motion, Pendergrass (who was the sole witness) entered a plea of "true" to all five of the alleged violations. The trial court adjudicated Pendergrass guilty and sentenced him to fifteen months' confinement in state jail.

On appeal, Pendergrass does not fault the procedures at the hearing to adjudicate his guilt, but rather, contends that the original indictment was fundamentally defective because it failed to name the person to whom he was alleged to have delivered the controlled substance.

We affirm the trial court's judgment because Pendergrass waived his complaint regarding the indictment.

**Pendergrass Waived his Complaint Regarding the Indictment**

The pertinent portion of Pendergrass' indictment in this case alleged that "on or about the 25th day of July, 2012," he "did then and there deliver, by actual transfer, to Confidential Informant #7-25-12, a controlled substance . . . ." In his sole point of error, Pendergrass contends that the indictment to which he pleaded guilty was insufficient as a matter of law because the identity of the person to whom it was alleged that Pendergass had delivered the controlled substance was so "vague . . . general and non-descriptive as to constitute no allegation of a name at all . . . ."

2

Pendergrass does not take into account Article 1.14 of the Texas Code of Criminal Procedure, which provides in part that

> [i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity[,] and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Indictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court, and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance. *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007). Thus, because all substantive defects in indictments are subject to waiver, the existence of such defects does not render the indictment "void." *See id.* at 178.

As a general rule, the original plea cannot be attacked on an appeal from the revocation proceedings in a deferred adjudication context. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). However, an exception to this general rule exists if a judgment of conviction is void. *Id.* The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of jurisdiction to render the judgment in question. *Id.* "A void judgment is a 'nullity' and can be attacked at any time." *Id.* at 667–68 (citing *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998)). Thus, a defendant who was placed on deferred adjudication may raise on appeal an error that would render the original judgment void, even if that appeal comes after the defendant's guilt has already been adjudicated. *Id.* at 668.

3

An instrument which is not an "indictment" under Article V, Section 12 of the Texas Constitution fails to vest the trial court with jurisdiction, and that issue can be raised for the first time on appeal. *See Duron v. State*, 956 S.W.2d 547, 551 n.3, 555 (Tex. Crim. App. 1997) (Womack, J., concurring); *Cook v. State*, 902 S.W.2d 471, 479–80 (Tex. Crim. App. 1995). "[T]o comprise an indictment within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Cook*, 902 S.W.2d at 476. "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the indictment is otherwise defective." *Duron*, 956 S.W.2d at 550–51. The issue presented to this Court is whether identifying the confidential informant only with the numbers "7-25-12" (the date of the offense) prevents the charging instrument from describing the crime with sufficient clarity and specificity to identify the relevant penal statute.

Here, Pendergrass was charged with delivery of a controlled substance, the elements of the offense being that (1) a person (2) knowingly (3) delivers (4) a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). The indictment alleged that "on or about the 25th day of July, 2012" Pendergrass "did then and there deliver, by actual transfer, to Confidential Informant #7-25-12, a controlled substance . . . ." Although Pendergrass is correct in pointing out that the indictment does not give the specific name of the person to whom the delivery was allegedly made by him, the name of the recipient is not an essential element of the crime. *See id.* The indictment clearly accuses Pendergrass "of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute" and,

4

therefore, is sufficient to constitute an indictment or information under the Constitution. *See Duron*, 956 S.W.2d at 550–51.

Because the indictment was constitutionally sufficient, the judgment is not void and Pendergrass cannot attack the original plea. *See Nix*, 65 S.W.3d at 667. There being no other points on appeal, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     January 29, 2015
Date Decided:       February 3, 2015

Do Not Publish