

**NUMBERS**

**13-14-00006-CR**
**13-14-00007-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RAUL GARZA SALAZAR,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Raul Garza Salazar challenges his convictions on two counts of abuse of official capacity and one count of tampering with governmental records.[1] *See* TEX. PENAL CODE ANN. §§ 39.02, 37.10 (West, Westlaw through Chapter 46, 2015 R.S.). Salazar raises the following twelve issues: (1) we should grant a new trial in the interest of justice; (2) the verdict is contrary to the law and the evidence; (3)–(6) the State presented misleading testimony and evidence calculated to harm Salazar; (7) the witness failed to identify Salazar prior to trial; (8) the State alleged untrue facts regarding an item of evidence; (9) the overall conduct by the State in presenting misleading arguments warrants a new trial; (10)–(11) cumulative error deprived Salazar of a fair trial; and (12) the indictment failed to state an offense. We affirm.

## I. BACKGROUND

On November 15, 2013, a Cameron County jury convicted Salazar on two counts of abuse of official capacity and one count of tampering with governmental records. *See See* TEX. PENAL CODE ANN. §§ 39.02, 37.10. The State alleged that between March and August of 2011 Salazar committed the offenses of abuse of official capacity and tampering with governmental records in his effort to assist Roberto Cadriel obtain a job with Cameron County. Salazar was Cameron County Commissioner Ernie Hernandez's administrative assistant at the time. Cadriel is Hernandez's brother-in-law.

In June of 2011, Carmen Vera worked for the Cameron County Human Resources Department. On June 10, 2011, Cadriel took a computerized civil service exam in order to apply for a position in the Cameron County Animal Control Department. Cadriel failed

---

[1] The State alleged two counts of abuse of official capacity in trial court cause No. 2013-DCR-1700 (appellate cause no. 13-13-0006-CR) and one count of tampering with a government record in trial court cause no. 2013-DCR-1701 (appellate cause no. 13-13-0007-CR).

the exam twice. Vera testified that, at Salazar's direction, she took the exam in place of Cadriel for his third attempt and received a passing score. On June 28, 2011, Cadriel came back to the Human Resources Department to apply for a security guard position. Cadriel testified that he copied the correct answers for the security guard exam from an answer key. Cadriel further testified that Salazar gave him the answer key.

In trial court cause number 2013-DCR-1701, the State alleged that Salazar abused his official capacity by directing Vera to take the civil service exam on Cadriel's behalf (count one), and by providing the answer key for the security guard exam to Cadriel (count two). In trial court cause 2013-DCR-1700, the State alleged that Salazar tampered with government records by directing Vera to take the civil service exam in Cadriel's place (count three). The jury found Salazar guilty on all three counts. The trial court sentenced him to three concurrent ten-month terms in prison. The trial court assessed no fine.

## II. WAIVER

We first address whether Salazar waived his issues by failing to cite to the record in his brief. The State did not address any of Salazar's issues but rather argued that Salazar waived any error because he "completely failed to include any cites to the record in support of these twelve issues."

### A. Applicable Law

An appellant's brief must contain both citations to authorities and to the record, and a failure to include either waives an issue on appeal. TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see Vuong v. State,* 830 S.W.2d 929, 940 (Tex. Crim. App. 1992) (holding that when an appellant cites to no specific constitutional

3

provisions, statutory authority, or case law to support claims, then the court does not need to address the claims).  As an appellate court, we have no duty to make an independent search of a voluminous record for evidence supporting a party's position.  *See Alvarado v. State,* 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) ("As an appellate court, it is not our task to pore through hundreds of pages of record in an attempt to verify an appellant's claims.").  However, if an issue presented in an appellant's brief directs our attention to the location of the error or complaint in the record, then the appellant has sufficiently briefed the facts of the issue.  *See id.*; *Martinez v. El Paso Cnty.,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, no pet.).

### B.  Analysis

We have thoroughly reviewed Salazar's brief and found that Salazar failed to include any citations to the record in either his argument or statement of facts.  *See* TEX. R. APP. P. 38.1(i).  Salazar only included two citations to the record in his statement of the case.  *See id.*  Salazar does not cite the specific pages in the record that support any of his issues.  *See Alvarado,* 912 S.W.2d at 210; *Vuong,* 830 S.W.2d at 940.

Salazar argues in his first two issues that we should grant a new trial in the interest of justice and that the verdict is contrary to the law and the evidence but cites neither the record nor any authorities.  Therefore, we are unable to review these issues.  *See* TEX. R. APP. P. 38.1(i).

By his third through sixth issues, Salazar claims that the State presented misleading testimony calculated to harm him.  Salazar contends that certain testimony centered on Salazar conspiring to retaliate against witnesses by demoting or firing them, specifically those witnesses who were employees at the Cameron County Human

4

Resources Department. Salazar contends that the reorganization of the Human Resources Department by the Cameron County Commissioners' Court was not his idea and so could not constitute retaliation. Salazar fails to cite where in the 400-page record this allegedly misleading or false evidence is located. Salazar does not specify which witnesses allegedly provided misleading or false testimony. Without more, we are unable to ascertain which witness provided the testimony that he alleges is misleading or false. *See Martinez,* 218 S.W.3d at 844. Since we are unable to analyze the testimony, we are unable to reach a conclusion as to its nature. *See Alvarado,* 912 S.W.2d at 210.

Salazar's seventh issue, arguing that "the witness failed to identify the defendant prior to trial," refers to Dalia Salinas, an employee within the Human Resources Department. But Salinas never testified at trial. Again, Salazar provides no record citations to direct us to where he claims that Salinas testified or where she failed to identify Salazar. We are unable to address this issue on the merits without any record citations. *See id.*

Salazar's eighth issue mirrors his third through sixth issues. Salazar contends that the State alleged that Salazar caused an agenda item calling for the reorganization of the Human Resources Department to be placed on the agenda of the Cameron County Commissioners' Court as retaliation against those employees who testified. Salazar contends that the prosecutor offered a misleading argument by claiming that the piece of paper in his hand during closing argument was the agenda item for the day to discuss the reorganization. We are unable to address this issue because Salazar does not cite to the prosecutor's closing statement or cite to anything in the record that illustrates how the prosecutor's argument was misleading. *See id.*

5

In sum, we will not attempt to perform an independent review of the record and verify each of Salazar's twelve issues. *See id.* With one exception, which we discuss below, we agree with the State and conclude that Salazar's brief contains no citations to the record. As a result, Salazar's brief presents nothing for our review. *See Alvarado,* 912 S.W.2d at 210; *Martinez,* 218 S.W.3d at 844.

### III. FAILURE OF INDICTMENT TO ALLEGE AN OFFENSE

In the interest of justice, we address Salazar's twelfth issue that addresses the indictment because Salazar cited to the indictment within the record in his statement of the case. Salazar argues that the indictment failed to state an offense.

#### A. Applicable Law

"An indictment must allege, in plain and intelligible language, all the facts and circumstances necessary to establish all the material elements of the offense charged." *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998). These material elements include "the facts necessary to show that the offense was committed, to bar a subsequent prosecution for the same offense, and to give the defendant notice of precisely what he is charged with." *Bynum v. State,* 767 S.W.2d 769, 779 (Tex. Crim. App. 1989). If the State fails to allege an element of an offense in an indictment or information then this failure is a defect in substance. *Studer v. State,* 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). The accused must object to substance defects before trial begins; otherwise the accused forfeits his right to raise the objection on appeal or by collateral attack. *Id.* In order to be an effective indictment or information, the charging instrument need not necessarily allege every element of the offense charged, as long as no material element is missing. *Id.*

6

## B. Analysis

The indictment includes the basic facts of the case, specifying in count one, that Salazar:

> on or about the 1st day of March, 2011 and through the 1st day of August, 2011, through a continuing course of conduct and one scheme . . . did then and there, with the intent to obtain a benefit and defraud another, intentionally or knowingly violate a law relating to the defendant's office as a public servant, namely, tampering with governmental records relating to the testing of and by Roberto Cadriel, by directing another to take the civil service test for and in the place of Roberto Cadriel.

The language of the indictment for count two mirrors count one except for referring to Salazar providing test answers to Roberto Cadriel.

Salazar cites one case in his brief in support of this issue. *See Ex parte Nivens,* 619 S.W.2d 184, 185 (Tex. Crim. App. 1981) (holding a conviction void as the felony information was fundamentally defective for failing to allege an essential element of the offense), *overruled on other grounds, Ex parte Patterson*, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998) (holding that a defect in a charging instrument does not automatically render a judgment void). Salazar asserts that the indictment does not allege that Salazar gave the answers to Cadriel without the owner's consent. Salazar contends that lack of consent is a material element of the offense and that when the State omits a material element from the indictment, then the indictment fails to state an offense. Again, he fails to refer to the record; therefore, the exact offense to which he is referring remains unclear.

We reject Salazar's argument for two reasons. First, lack of consent of the owner is not a material element of either offense. *See Bynum,* 767 S.W.2d at 779. The Texas Penal Code does not mention consent in either offense. *See* TEX. PENAL CODE ANN. §§ 39.02, 37.10; *see also Harrelson v. State,* 153 S.W.3d 75, 80 (Tex. App.—Beaumont

7

2005, pet. ref'd) (setting out the elements of abuse of official capacity); *Pokladnik v. State,* 876 S.W.2d 525, 526 (Tex. App.—Dallas 1994, no pet.) (discussing the elements of tampering with a governmental record). The indictment in this case sufficiently states the material elements for abuse of official capacity by tampering with a governmental record. *See Campbell v. State,* 139 S.W.3d 676, 686 (Tex. App.—Amarillo 2003, pet. ref'd) (holding that the indictment did not fail to state an offense when it specifically alleged the acts that appellant had to perform and that appellant acted with intent to obtain a benefit). Furthermore, the indictment included sufficient information to put Salazar on notice of the offense because it specifically alleged that he intended to obtain a benefit and defraud another while intentionally or knowingly violating a law relating to Salazar's office as a public servant. *See* TEX. PENAL CODE ANN. § 39.02; *see also Bynum*, 767 S.W.2d at 799.

Second, since Salazar did not object to any defects of substance or form in the charging instrument prior to the day of trial, Salazar waived any error. *See Ex parte Patterson,* 969 S.W.2d at 20; *see also Studer,* 799 S.W.2d at 268. We overrule Salazar's twelfth issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

8