

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,074-04 & WR-83,074-05

### EX PARTE MICHAEL CHARLES HILL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. WRIT10155 & WRIT10156 IN THE 196TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of indecency with a child by contact and sexual assault of a child and sentenced to consecutive sentences of life imprisonment. The Sixth Court of Appeals affirmed his convictions. *Hill v. State,* 06-12-0094-CR & 06-12-0095-CR (Tex. App.–Texarkana Jan. 8, 2013). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that a prior conviction used to enhance both convictions has since been vacated, and so he is entitled to resentencing without the enhancement. We order that this application be filed and set for submission to determine whether (and, if so, when) an offender may challenge the sentencing enhancement of a final conviction after an enhancing conviction has been

vacated. Specifically, we file and set on the issues of whether (and if so, when):

(1)      a defendant's failure to object at the time of trial to the use of a prior enhancing conviction forfeits error, particularly in the context of sex offenses; TEX. CODE CRIM. PROC. Art. 1.14(b); TEX. PENAL CODE § 12.42(c)(2), (g); *see Ex parte Rich,* 194 S.W.3d 508 (Tex. Crim. App. 2006); *Ex parte Patterson,* 969 S.W.2d 16 (Tex. Crim. App. 1998, op. on reh'g);

(2)      vacating a prior enhancing conviction that was final at the time of the subsequent conviction and sentence affects the validity of the subsequent sentence, particularly in the context of sex offenses; *Anderson v. State,* 394 S.W.3d 531 (Tex. Crim. App. 2013);

(3)      the use of a prior enhancing conviction that does not increase the punishment range causes harm; *see Ex parte Parrott,* 396 S.W.3d 531 (Tex. Crim App. 2013); and

(4)      a claim concerning the use of a prior enhancing conviction, when that conviction is later vacated, is barred by the equitable doctrine of laches.[1]

The parties shall brief these issues. Oral argument is not permitted.

Applicant appears to be represented by counsel. If not, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him. *See* TEX. CODE CRIM. PROC. art. 26.04. Within sixty days from the date of this order, the trial court shall send to this Court a supplemental transcript containing a confirmation that Applicant is represented by counsel, the order appointing counsel, or a statement that Applicant is not indigent or does not want to be represented by counsel. All briefs shall be filed with this Court within ninety days from the date of this order.

Filed: February 5, 2020
Do not publish

---

[1] Before making this determination, the trial court shall give Applicant the opportunity to respond and explain his delay. *See Ex parte Smith,* 444 S.W.3d 661, 670 (Tex. Crim. App. 2014) ("An applicant must be afforded this opportunity—irrespective of whether the State alleges the delay disadvantages its own position—before a court recommends or concludes that laches compels the application's denial").