

# NUMBER 13-22-00151-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JIMMY SERNA,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 361st District Court
### of Brazos County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Jimmy Serna was indicted for driving while intoxicated (DWI) third or more, a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09(b). The State sought to enhance punishment under the habitual felony offender statute based on two prior felony convictions for DWI. *See id.* § 12.42(d). A jury found Serna guilty, and prior to punishment,

Serna moved to quash the habitual offender enhancement paragraphs. The trial court denied his motion. The jury found both enhancement paragraphs true and assessed Serna's punishment at thirty-five years' incarceration. By one issue, Serna contends the trial court erred in denying his motion to quash because the convictions that were used to enhance his charged offense were void and could not serve as the basis for a habitual felony offender enhancement. We affirm.

## I.    BACKGROUND[1]

The indictment alleged that Serna:

> on or about 10th day of January, 2020, did then and there operate a motor vehicle in a public place while [Serna] was intoxicated. And it is further presented that prior to the commission of the charged offense (hereafter styled the primary offense), on the 23rd day of August, 2006, in cause number 06-262CR in the County Court of Robertson County, Texas, [Serna] was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on the 16th day of March, 2009, in cause number 09-01-18,633CR in the 82nd District Court of Robertson County, Texas, [Serna] was convicted of an offense relating to the operating of a motor vehicle while intoxicated.

By two paragraphs, the indictment sought to enhance punishment under the habitual felony offender statute, stating:

> PARAGRAPH ONE: and it is further presented in and to said Court that, prior to the commission of the aforesaid offense, hereafter styled the primary offense, on the 14th day of November, 2011, in the 82nd District Court, of Robertson County, Texas, in cause number 11-10-19,310CR, the defendant was convicted of the felony offense of Driving While Intoxicated,
>
> PARAGRAPH TWO: and it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in Cause No. 11-10-19,310CR was final, the defendant committed the felony offense of Driving While Intoxicated and was convicted on the 14th day of December, 2015, in the 21st District Court, of Burleson County, Texas, in

---

[1] This case was transferred from the Tenth Court of Appeals in Waco to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

cause number 14,933[.]

Serna stipulated in writing to the "two jurisdictional priors" on the record and the signed stipulation was offered as an exhibit without objection. After a jury trial, Serna was found guilty.

Prior to the punishment phase, Serna moved to quash the habitual felony offender enhancement paragraphs. Serna stated that the two convictions referred to in the enhancement paragraphs used misdemeanor DWI offenses "to establish their jurisdictional burden." Serna then argued that the two underlying misdemeanor convictions, cause numbers 01-0530CR and 06-262CR, were invalid because, as he was not represented by counsel, they violated Serna's right to counsel and there was no evidence that Serna "competently waived this right." Serna attached a memorandum in support of his motion, wherein he argued that the two misdemeanor convictions contained no evidence that Serna waived his right to counsel, as they merely recite "where defendant was not represented by an attorney, defendant knowingly, intentionally[,] and voluntarily waived the right to representation by an attorney" and that he was "sane" at the time of the plea. Serna asserted that the trial court did not find him competent to waive his right, and thus the pleas should be invalidated.

The trial court denied the motion after a hearing. The jury assessed punishment at thirty-five years' incarceration and this appeal followed.

## II.    DISCUSSION

Serna argues that the trial court erred in denying his motion to quash the enhancement paragraphs of the indictment. Specifically, Serna attacks the convictions

3

underlying the enhancements, stating that they were void and cannot be used to support the finding that he is a habitual felony offender.

## A. Waiver

The State contends that to the extent Serna attacks the convictions used for enhancement purposes, he has waived that issue for appeal. *See Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998). In *Patterson*, the court of criminal appeals held that an indictment contains a cognizable defect when it relies on a void judgment of conviction to enhance the subsequent offense, rendering the new indictment voidable. *Id.* When an indictment is voidable, rather than void, the defect may be waived under the applicable rules of default. *Id.* Article 1.14(b) requires a defendant to object to any defects of substance or form in the charging instrument prior to the date of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Therefore, under article 1.14(b) of the Texas Code of Criminal Procedure, a defendant must object to the cognizable defect in the new charging instrument prior to the day of trial. *See Patterson*, 969 S.W.2d at 20. A defendant's failure to object to the error waives the error by procedural default. *See id.* Even if we found that the language in the enhancement paragraph of the indictment was defective, we conclude that Serna has waived any issue regarding the substance of the indictment because he failed to bring it to the trial court's attention prior to the start of trial. *See id.* (holding that defect in enhancement portion of indictment required objection before trial to preserve error); *Biggers v. State*, 634 S.W.3d 244, 250 (Tex. App.—Texarkana 2021, pet. ref'd) ("Even assuming, without finding, that the language in the enhancement paragraph of the indictment was defective, Biggers has waived any issue regarding the substance of the

indictment because of his failure to bring it to the trial court's attention."); *see also Guerra v. State*, No. 04-06-00245-CR, 2007 WL 748660, at *4 (Tex. App.—San Antonio Mar. 14, 2007, pet. ref'd) (mem. op., not designated for publication) (stating that "a defendant must object before trial to a defect in the form or substance of an indictment, including a defect in the enhancement allegations, or he waives the right to raise the objection on appeal"). Because he did not properly object before the start of trial, Serna has failed to preserve error for our review. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b).

We overrule Serna's sole issue.

### III.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of July, 2023.

5