Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
THE STATE OF TEXAS,                                   )                  No. 08-04-00096-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  168th District Court
)
JASON MEADOWS,                                          )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D06220)

O P I N I O N

            The State of Texas appeals from an order dismissing the indictment for lack of jurisdiction. 
See Tex.R.App.P. 44.01(a)(1). We reverse and remand the cause for Meadows to answer the
indictment.
FACTUAL SUMMARY
            A grand jury indicted Meadows for assaulting Jacqueline Milton by hitting and kicking her
and by throwing her into a wall. For enhancement purposes, the indictment included an allegation
that Meadows had previously been convicted of an assault offense against a member of his family
or household in Cause Number 20020D05960. Meadows filed a motion to dismiss the indictment
for lack of jurisdiction. Meadows alleged in the motion that his assault conviction in Cause Number
20020D05960 was not a case involving family violence, and therefore, it could not be used to
enhance the current assault offense to a felony. He further argued that the district court lacked
jurisdiction to hear the primary assault because it was only a misdemeanor. 
            At the hearing on the motion to dismiss, Meadows offered into evidence the judgment from
Cause Number 20020D05960. The judgment reflected that Meadows entered a negotiated plea of
guilty to the lesser-included offense of misdemeanor assault. It did not contain an affirmative
“family violence” finding.


 According to the reporter’s record of the guilty plea hearing, Meadows
testified that the victim had been his next door neighbor and he had known her for three or four
months prior to the assault. At the conclusion of the hearing below, the trial court made a
specific factual finding that “[t]he judgment that has been relied upon for the enhancement for the
case at bar . . . is not a family violence case.” The prosecutor argued that whether the prior
conviction involved family violence was a factual matter to be determined at trial, not in a pre-trial
hearing, and that the court lacked authority to make the factual finding or dismiss the indictment due
to claimed insufficiency of the evidence at this stage of the proceedings. The trial court disagreed
and granted the motion to dismiss for lack of jurisdiction because the State had not offered any
evidence to prove that the prior assault offense involved family violence. The State timely filed its
notice of appeal.
STANDARD OF REVIEW
            The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599, 601
(Tex.Crim.App. 2004). When the resolution of a question of law does not turn on an evaluation of
the credibility and demeanor of a witness, then the trial court is not in an appreciably better position
to make the determination, and appellate courts are to conduct a de novo review. Id.; see Guzman
v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). 
IMPROPER DISMISSAL OF THE INDICTMENT
            In its sole issue on appeal, the State contends that the trial court erred by dismissing the
indictment for lack of jurisdiction for two reasons: (1) proof of the enhancement allegation is an
evidentiary matter to be determined at trial and is not a jurisdictional issue to be determined pre-trial;
and (2) even if the State is unable to prove at trial that the prior assault conviction involved family
violence, the trial court is not deprived of jurisdiction of the misdemeanor offense. We agree with
both arguments.
            An assault offense may be enhanced from a class A misdemeanor to a third-degree felony
if the offense is committed against:
[A] member of the defendant’s family or household, if it is shown on the trial of the
offense that the defendant has previously been convicted of an offense against a
member of the defendant’s family or household under this section. [Emphasis
added].

Tex.Penal Code Ann. §22.01(b)(2)(Vernon Supp. 2004-05). In a subsequent proceeding, the State
may rely on extrinsic evidence to prove that a previous assault was committed against a family or
household member. See Manning v. State, 112 S.W.3d 740, 744 (Tex.App.--Houston [14th Dist.]
2003, pet. ref’d); Mitchell v. State, 102 S.W.3d 772, 775 (Tex.App.--Austin 2003, pet. ref’d);
Goodwin v. State, 91 S.W.3d 912, 919 (Tex.App.--Fort Worth 2002, no pet.); see also State v. Cagle,
77 S.W.3d 344, 348 (Tex.App.--Houston [14th Dist.] 2002, pet. ref’d)(holding notation on prior
judgment that family violence was “not applicable or not available” did not amount to a
determination that prior assault was not committed against household or family member; therefore
State was not collaterally estopped from litigating that issue at trial). 
            The indictment in this case alleged that Meadows: 
[W]as previously convicted of an offense against a member of defendant’s family or
household under Section 22.01 of the Texas Penal Code, to wit: on the 10th day of
March, 2003, in cause number 20020D05960 in the 168th District Court, of El Paso
County, Texas . . . .

The presentment of an indictment vests a district court with jurisdiction. Tex.Const. art. V, § 12(b). 
District courts and criminal district courts have original jurisdiction in criminal cases of the grade
of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred
to the district court under Article 4.17 of the Code of Criminal Procedure. Tex.Code Crim. Proc.
Ann. art. 4.05 (Vernon 2005). When the face of the indictment charges a felony, the district court
does not lose jurisdiction if the State is only able to prove a misdemeanor at trial. See Tex.Code
Crim.Proc.Ann. art. 4.06; Jones v. State, 502 S.W.2d 771, 773-74 (Tex.Crim.App. 1973).
            A charging instrument that is valid on its face and returned by a legally constituted grand jury
is sufficient to mandate trial of the charge on its merits. While no witnesses testified at the hearing
on Appellant’s motion to dismiss, the sufficiency of an indictment cannot be supported or defeated
by evidence at a pretrial hearing. State v. Rosenbaum, 910 S.W.2d 934, 948 (Tex.Crim.App.
1994)(dissenting op. adopted on reh’g); State v. Boado, 8 S.W.3d 15, 17 (Tex.App.--Houston [1st
Dist.] 1999), pet. dism’d improvidently granted, 55 S.W.3d 621 (Tex.Crim.App. 2001). An
indictment must be facially tested under the law as a pleading. Rosenbaum, 910 S.W.2d at 948. In
the pretrial setting, there is neither constitutional nor statutory authority for a defendant to test--or
for a trial court to determine--the sufficiency of evidence to support or defeat an element alleged in
the indictment. Id.; Boado, 8 S.W.3d at 17; State v. Habern, 945 S.W.2d 225, 226 (Tex.App.--Houston [1st Dist.] 1997, no pet.). If the trial court conducts such a hearing, it errs. Rosenbaum, 910
S.W.2d at 948.
            The indictment against Meadows alleged all of the elements of assault and contained a
facially valid enhancement allegation. The trial court lacked authority to conduct a hearing to
determine whether the offense used for enhancement purposes was, in fact, an offense involving
family violence. The court could not require the State to marshal its proof in order to avoid dismissal
of the indictment. The trial court erred in making a factual determination regarding the sufficiency
of the evidence to prove the enhancement allegation and by dismissing the indictment. Despite the
lack of an affirmative finding in the prior judgment, the State will be permitted to offer extrinsic
evidence at trial that the assault was committed against a member of Meadows’ family or household. 
In the event that the evidence adduced at trial is insufficient to prove the enhancement paragraph,
the district court will not be deprived of jurisdiction. The State’s sole issue on appeal is sustained. 
We reverse and remand the cause to the trial court for Meadows to answer the indictment.


April 28, 2005                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Publish)