2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


)
DAVID MEDELLIN,                                       )                  No. 08-04-00363-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  171st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D03655)


O P I N I O N

            David Medellin appeals the denial of his pretrial motion to quash. He was indicted for the
offense of stalking on August 5, 2003. The motion was denied on July 12, 2004. Appellant then
pled guilty pursuant to a negotiated plea agreement and was sentenced by the trial judge to serve two
years in the Texas Department of Criminal Justice-Institutional Division. We affirm.
FACTUAL SUMMARY
            Appellant filed a motion to quash the indictment complaining, among other things, that it 
failed to allege an offense. The relevant section reads:
[Appellant] on more than one occasion and pursuant to the same scheme or course
of conduct, knowingly engage[d] in conduct directed specifically toward [the victim],
. . . that [Appellant] knew or reasonably believed the [victim] would regard as
threatening . . . to-wit: [allegations describing several specific threatening acts by
Appellant] . . . .

Appellant argued that “following” the victim was a required element of the stalking statute, and that
the indictment failed to include this element. He brings forward this same issue in his sole point of
error on appeal.
STANDARD OF REVIEW
            The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599, 601
(Tex.Crim.App. 2004); State v. Meadows, 170 S.W.3d 617, 619 (Tex.App.--El Paso 2005, no pet.). 
When reviewing a trial court’s decision to quash an indictment, we apply a de novo standard where
the decision does not turn on an evaluation of the credibility and demeanor of a witness. Id.;
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997)(finding that an abuse of discretion
standard does not necessarily apply to “application of law to fact questions” of which the resolution
does not turn on an evaluation of credibility and demeanor). Rather, where the trial court’s decision
is based only on the indictment, the motion to quash, and the argument of counsel, the trial court is
in no better position than an appellate court in making the decision. Id.; see Meadows, 170 S.W.3d
at 619 (stating that the trial court is not in an appreciably better position to make a determination
where the resolution of a question of law does not turn on an evaluation of the credibility and
demeanor of a witness, and appellate courts are to conduct a de novo review).
FAILURE TO STATE AN OFFENSE
            An indictment must be sufficiently specific to give notice to the accused of the nature of the
charges against him so that he may prepare a defense. Moff, 154 S.W.3d at 601. “An indictment
which fails to allege criminal conduct is subject to being quashed.” State v. Campbell, 113 S.W.3d
9, 12 (Tex.App.--Tyler 2000, pet. ref’d); State v. Williams, 780 S.W.2d 891, 894 (Tex.App.--San
Antonio 1989, no pet.). A motion to quash should be granted only when the language referring to
the defendant’s conduct is so vague or indefinite that the defendant is denied effective notice of the
alleged offense committed. State v. Seibert, 156 S.W.3d 32, 35 (Tex. App.--Dallas 2004, no pet.).
THE STALKING STATUTE
            Section 42.072(a) provides:
(a) A person commits an offense if the person, on more than one occasion and
pursuant to the same scheme or course of conduct that is directed specifically at
another person, knowingly engages in conduct, including following the other person,
that:
 
(1) the actor knows or reasonably believes the other person will regard as threatening:
 
(A) bodily injury or death for the other person;
 
(B) bodily injury or death for a member of the other person’s family or household; or
 
(C) that an offense will be committed against the other person’s property;
 
(2) causes the other person or a member of the other person’s family or household to
be placed in fear of bodily injury or death or fear that an offense will be committed
against the other person’s property; and
 
(3) would cause a reasonable person to fear:
 
(A) bodily injury or death for himself or herself;
 
(B) bodily injury or death for a member of the person’s family or household; or 
 
(C) that an offense will be committed against the person’s property.

[Emphasis added]. Tex.Penal Code Ann. § 42.072(a)(Vernon 2003).
            Although many courts have held that the word “following” is not unconstitutionally vague
or overbroad, no appellate court has yet interpreted Section 42.072(a) to determine whether
“following the victim” is a required element of the offense. See, e.g., State v. Seibert, 156 S.W.3d
32, 37-38 (Tex.App.--Dallas 2004, no pet.); Lewis v. State, 88 S.W.3d 383, 392 (Tex.App.--Fort
Worth 2002, pet. ref’d), cert. denied, 540 U.S. 815, 124 S.Ct. 67, 157 L.Ed.2d 30 (2003); Sisk v.
State, 74 S.W.3d 893, 901-02 (Tex.App.--Fort Worth 2002, no pet.); Battles v. State, 45 S.W.3d 694,
703 (Tex.App.--Tyler 2001, no pet.); Clements v. State, 19 S.W.3d 442, 448-51 (Tex.App.--Houston
[1st Dist.] 2000, no pet.). 
            Statutory construction requires that we effectuate the “collective” Legislative intent or
purpose. Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App.1991); State v. Sanchez, 135 S.W.3d
698, 699 (Tex.App.--Dallas 2003), aff’d, 138 S.W.3d 324 (Tex.Crim.App. 2004). We must focus
on the literal text of the statute and attempt to discern the fair, objective meaning of the text at the
time it was enacted. Id. A statute should be interpreted “in accordance with the plain meaning of
its language unless the language is ambiguous or the plain meaning leads to absurd results.” Jordan
v. State, 36 S.W.3d 871, 873 (Tex.Crim.App. 2001); State v. Newsom, 64 S.W.3d 478, 479
(Tex.App.--El Paso 2001, no pet.). And we may apply established principles of statutory
construction in determining the plain meaning of the statute. Boykin, 818 S.W.2d at 785-86. With
these principles in mind, we turn to the Code Construction Act. Ex parte Spann, 132 S.W.3d 390,
393 (Tex.Crim.App. 2004); Tex.Gov’t Code Ann. §§ 311.001-.034 (Vernon 2005). 
            Section 311.011 discusses the common and technical usage of words:
(a) Words and phrases shall be read in context and construed according to the rules
of grammar and common usage.
 
(b) Words and phrases that have acquired a technical or particular meaning, whether
by legislative definition or otherwise, shall be construed accordingly.

Tex.Gov’t Code Ann. § 311.011(a)(b). Section 311.005 is particularly helpful as it defines the
word “including”:
The following definitions apply unless the statute or context in which the word or
phrase is used requires a different definition:

. . .
(13) ‘Includes’ and ‘including’ are terms of enlargement and not of limitation or
exclusive enumeration, and use of the terms does not create a presumption that
components not expressed are excluded.

Tex.Gov’t Code Ann. § 311.005(13). These provisions express the Legislature’s intent. Inasmuch
as the term “including” has been statutorily defined as a term of enlargement rather than a term of
exclusive enumeration, the phrase “including following the other person” is meant to be an example
of prohibited conduct under the stalking statute and not a requirement of the offense. See
Tex.Gov’t Code Ann. § 311.005(13); Tex.Penal Code Ann. § 42.072(a).
            Even if we were persuaded that “following the victim” is a required element of the offense,
the indictment as written would still be sufficiently specific to give notice to the defendant. Seibert,
156 S.W.3d at 35. For purposes of the stalking statute, conduct falls within the plain meaning of the
term “follow” where the defendant repeatedly appears at the victim’s home when he does not reside
there, arranges to be in places he knows the victim will be, and engages in conduct that he knows
will place the victim in fear. Clements, 19 S.W.3d at 448. Here, the indictment specified: 
[T]he defendant kicked and beat on a metal door to gain entry to the house of
[victim] . . . the defendant kicked at the back door of the house of [victim] while
cursing and yelling threats . . . the defendant made threatening phone calls to [victim]
. . . the defendant appeared outside the window of the house of [victim] at
approximately 4 o’clock in the morning . . . the defendant rode by the house of
[victim] . . . the defendant made drawings on the property of [victim] . . . .

This conduct clearly falls within the plain meaning of the term “follow” for purposes of the stalking
statute. See Clements, 19 S.W.3d at 448. We overrule the sole point and affirm the judgment of the
trial court.
August 31, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)