

## NUMBER 13-08-00668-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                              Appellant,

v.

DEBRA SALINAS,                                                   Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez

A grand jury indicted appellee Debra Salinas for the state-jail felony of prostitution. The trial court granted Salinas's motion to quash the indictment. By one issue, appellant, the State of Texas, argues that the trial court did not have the authority to hear evidence in a pre-trial hearing in order to quash a facially valid indictment. We reverse and remand.

## I. BACKGROUND

The indictment, dated July 10, 2008, alleged that Salinas offered to engage in prostitution on or about April 23, 2008, and had previously been convicted three or more times of the same offense in the following Nueces county court cause numbers: CR-97-43636-3 on July 11, 1997; CR-97-5781-3 on September 11, 1997; CR-98-4662-2 on November 30, 1999. A pre-trial hearing on a motion to quash the indictment was held on November 5, 2008.

As grounds for the motion to quash, Salinas attacked the prior convictions used to enhance the prostitution charge from a misdemeanor to a state-jail felony. Although Salinas conceded that the indictment alleged three prior convictions, she contended that two of the prior convictions, trial court cause numbers CR-97-43636-3 and CR-97-5781-3, pertained to the same offense because the judgment and sentencing documents listed the same offense date of June 14, 2007. As support for her contentions, Salinas tendered two exhibits, the judgment and sentencing documents for trial court cause numbers CR-97-43636-3 and CR-97-5781-3, which the trial court admitted and considered. On the basis of Salinas's exhibits, the trial court found the indictment defective and granted the motion to quash. This appeal ensued.

## II. STANDARD OF REVIEW

In reviewing a motion to quash, "the sufficiency of an indictment is a question of law." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *State v. Meadows*, 170 S.W.3d 617, 619 (Tex. App.–El Paso 2005, no pet.); *see also Crenshaw v. State*, No. 13-05-00314-CR, 2006 Tex. App. LEXIS 7596, at *2 (Tex. App.–Corpus Christi Aug. 28, 2006, pet. ref'd) (mem. op., not designated for publication). Because the credibility of a witness

2

is not required when resolving a question of law, the trial court is in no better position than the appellate court to make a decision. *Moff*, 154 S.W.3d at 601. Thus, the standard of review for a determination of the sufficiency of an indictment is de novo. *Id.*

### III. DISCUSSION

In its sole issue, the State alleges that the trial court did not have authority to hear evidence in the pre-trial hearing. It is well established that an indictment returned by a legally constituted grand jury is valid on its face and is enough to warrant a trial on its merits. *State v. Rosenbaum*, 910 S.W.2d 934, 947 (Tex. Crim. App. 1994) (dissenting op. adopted on reh'g); *Meadows*, 170 S.W.3d at 620. Indictments "must be facially tested" as pleadings. *Id.* at 620 (citing *Rosenbaum*, 910 S.W.2d at 948).

The indictment in this case alleges that Salinas had three prior prostitution convictions. A prostitution offense may be elevated from a class A misdemeanor to a state-jail felony offense if "the actor has previously been convicted three or more times of [the same] offense." TEX. PEN. CODE. ANN. § 43.02 (c) (Vernon 2003). When a statute changes an offense from a misdemeanor to a felony because of prior convictions, the prior convictions do not function merely to enhance the punishment; they become an element of the new offense. *See Calton v. State*, 176 S.W.3d 231, 232 (Tex. Crim. App. 2005) (stating that, in a similar evading arrest statute, prior convictions were an element of the felony offense); *Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.–Dallas 1995, no writ) (stating that, in a similar theft statute, the use of the defendant's prior convictions created a new felony offense instead of simply enhancing the misdemeanor punishment).

The sufficiency of the elements of an offense alleged in an indictment "cannot be supported or defeated by evidence at a pre-trial hearing." *Meadows*, 170 S.w.3d at 620

3

(citing *Rosenbaum*, 910 S.W.2d at 948). Rather, the trial court's review in a pre-trial motion is limited to issues that can be resolved before trial. *See State v. Iduarte*, 268 S.W.3d 544, 551-552 (Tex. Crim. App. 2008) (citing *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005)). The court cannot address the merits of a case in a pre-trial hearing. *Id.* When a defendant asks the trial court in a pre-trial setting to determine the propriety of his or her prior convictions when those convictions are actually elements of the indicted offense, the defendant is asking the trial court to reach the merits of the case. *See Woods*, 153 S.W.3d at 415 n.7.

In this case, the issue addressed in the pre-trial hearing was whether or not the convictions alleged in the indictment were sufficient to enhance Salinas's crime from a misdemeanor to a state-jail felony. As previously explained, previous convictions are elements of an enhanced offense when the enhancement increases the offense from a misdemeanor to a felony. *See Calton*, 176 S.W.3d at 232. In *Meadows* the indictment against the defendant alleged facially valid enhancement allegations. *Meadows*, 170 S.W.3d at 620. The assault statute specified what prior convictions were needed to enhance the offense from a class A misdemeanor to a third-degree felony. *Id.* During the pre-trial hearing on a motion to dismiss, the defendant offered into evidence a judgment and sentencing document from a previous conviction to prove that the conviction could not be used for enhancement because the document did not contain the language needed to affirm a "family violence" finding. *Id.* The trial court did not facially test the indictment as a pleading. *Id.* Instead, the trial court entertained the judgment and sentencing document, found that one of the convictions was not sufficient for enhancement, and granted the motion to dismiss. *Id.* The appellate court reversed the trial court stating the trial court

4

lacked authority "to conduct a hearing to determine whether the offense used for enhancement purposes was valid." *Id.*; *see State v. Boado*, 8 S.W.3d 15, 17 (Tex. App.–Houston [1st Dist.] 1999), pet. dism'd) (holding that the trial court had no authority to test a duty alleged in the indictment during a pre-trial hearing on the defendant's motion to quash); *State v. Habren*, 945 S.W.2d 225, 227 (Tex. App.–Houston [1st Dist.] 1997, no writ) (holding that the trial court did not have authority to test the sufficiency of a facially valid indictment).

The trial court similarly erred in this case. Here, the convictions alleged in the indictment are also facially valid and are elements of the state-jail felony of prostitution. The trial court cannot compel the State to offer proof of the elements of the offense to prevent the indictment from being quashed. *See Meadows*, 170 S.W.3d at 620; *see Iduarte*, 268 S.W.3d at 552 (stating that when the issue is an element of the offense itself, the issue cannot be decided by the trial court during a *pre-trial* hearing); *Woods*, 153 S.W.3d at 415 (explaining that pre-trial motions address preliminary matters, not merits of a case such as the elements of the offense). Just as the court in *Meadows* exceeded its authority in a pre-trial hearing when it considered a judgment and sentencing document, this trial court did the same when it considered the judgment and sentencing documents for trial court cause numbers CR-97-43636-3 and CR-97-5781-3 in deciding whether to quash the indictment. Because the trial court failed to confine its inquiry to the convictions on the face of Salinas's indictment, it made "a factual determination regarding the sufficiency of the evidence to prove the enhancement allegation." *See Meadows*, 170 S.W.3d at 620. Thus, the trial court's decision reached the merits of the case, which

5

should not have been addressed in a pre-trial hearing.[1]  *See id.*  Thus, we conclude that the trial court erred in granting the motion to quash the facially valid indictment.  The State's first issue is sustained.

### IV. Conclusion

Accordingly, we reverse and remand for proceedings consistent with this opinion.

_____

_____                              NELDA V. RODRIGUEZ
_____Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 9th day of July, 2009.

---

[1] The State also argues that the exception to test enhancement convictions in a pre-trial hearing is not applicable here because the enhancement is not based on a conviction that has been determined void. We agree. The Texas Court of Criminal Appeals gives defendants a narrow window to challenge facially valid indictments when enhancement is based on a voided conviction. *Ex parte Patterson*, 969 S.W.2d 16, 19-20 (Tex. Crim. App. 1998).  In *Patterson*, a burglary conviction used to enhance the defendant's capital murder conviction was subsequently declared void by the Texas Criminal Court of Appeals. *Id.*  Thus, the State could not use the voided conviction to enhance Patterson's offense. *Id.*  However, this exception does not apply in this case because the State is not relying on a voided judgment to enhance Salinas's offense.  During the pre-trial hearing, the trial court did not quash the indictment because one of the two convictions was void. The trial court simply pointed out that both convictions had the same offense date.