COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



THE STATE OF TEXAS,


 Appellant,


v.


VENICE REYES,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00165-CR



Appeal from the


243rd District Court


of El Paso County, Texas


(TC# 20070D04980)


O P I N I O N


 Venice Reyes was indicted for felony theft. After the trial court granted Reyes' motion to
quash, the State appealed. We will reverse.

BACKGROUND


 Reyes was indicted for theft of property valued at less than $1,500. The indictment further
alleged that Reyes was twice before convicted of theft, which elevated the Class A misdemeanor
offense to a state-jail felony. See Tex. Penal Code Ann. § 31.03(e)(3), (e)(4)(D) (Vernon 2003). 
Because one of the prior convictions alleged resulted in a probated sentence, and because that
probated sentence was never revoked, Reyes filed a motion to quash alleging the State failed to
charge a final conviction to elevate the offense to a felony. After a hearing on the motion, the district
court granted the motion to quash on grounds that he lacked felony jurisdiction since the State could
not prove that prior conviction was final at the hearing. On appeal, the State contends, in a single
issue, that the trial court erred by requiring it to prove the prior theft offense at the motion-to-quash
hearing. (1) We agree.

DISCUSSION The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004). When the resolution of a question of law does not turn on an evaluation
of witness credibility and demeanor, the trial court is not in an appreciably better position to make
the determination than an appellate court. Moff, 154 S.W.3d at 601; see also Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). Thus, we review the sufficiency of an indictment de novo. 
Moff, 154 S.W.3d at 601.

 The presentment of an indictment vests a district court with jurisdiction. See State v.
Meadows, 170 S.W.3d 617, 619 (Tex. App.-El Paso 2005, no pet.). Further, jurisdiction over a
felony offense vests with the district court when the indictment alleges the requisite number of
previous convictions. Tamez v. State, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). Therefore, when
a defendant challenges the indictment at a pretrial hearing, the only inquiry may be into whether the
indictment, on its face, met the pleading requirements. State v. Rosenbaum, 910 S.W.2d 934, 948
(Tex. Crim. App. 1994) (dissenting op. adopted on reh'g); Meadows, 170 S.W.3d at 620. A trial
court may not determine the sufficiency of evidence to support or defeat any of the elements of the
charged crime alleged in the indictment at a pretrial hearing. Rosenbaum, 910 S.W.2d at 948;
Meadows, 170 S.W.3d at 620; State v. Habern, 945 S.W.2d 225, 226 (Tex. App.-Houston [1st Dist.]
1997, no pet.).

 Here, the indictment alleged all of the elements of a state-jail felony theft, that is, that
Appellant, with the intent to deprive the owner, unlawfully appropriated property valued at less than
$1,500, having two previous convictions for theft. See TEX. PENAL CODE ANN. § 31.03(e)(3),
(e)(4)(D). Therefore, the indictment, on its face, vested the district court with jurisdiction over a
felony offense. The only question before us is whether the prior theft convictions alleged were
elements of the charged felony offense such that the State was excused from proving those elements
at the pretrial hearing for purposes of surviving a motion to quash. 

 It has been uniformly held that prior theft convictions alleged to elevate a misdemeanor theft
to a felony-level offense are jurisdictional elements of a new, felony offense, rather than simply
punishment enhancements. See Gant v. State, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App.
1980); Diamond v. State, 530 S.W.2d 586, 587 (Tex. Crim. App. 1975); Gollihar v. State, 56 S.W.3d
606, 608 (Tex. App.-Texarkana 2001), pet. dism'd improvidently granted, 84 S.W.3d 674 (Tex.
Crim. App. 2002); Bruns v. State, 22 S.W.3d 540, 542-43 (Tex. App.-El Paso 2000, no pet.); Moore
v. State, 916 S.W.2d 537, 539 (Tex. App.-Dallas 1995, no pet.); Carter v. State, 804 S.W.2d 326,
327 (Tex. App.-Waco 1991, no pet.). As an element of the offense, the prior theft conviction could
not be subject to sufficient proof at the motion-to-quash hearing. In other words, it was improper
for the trial court to delve into the sufficiency of evidence to support the elements of the charged
felony offense at the pretrial hearing. (2) Meadows, 170 S.W.3d at 620; Habern, 945 S.W.2d at 226. 
Accordingly, the trial court erred in ruling that it lacked jurisdiction until that prior conviction was
proven. The first sub-issue presented by the State is sustained.

CONCLUSION

 Because the trial court was prohibited from forcing the State to prove certain elements of the
charged offense, i.e., the prior theft conviction, at the motion-to-quash hearing, the trial court's order
granting the motion to quash is reversed. The proceedings are remanded to the trial court below.


 GUADALUPE RIVERA, Justice


February 24, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Publish)

1. The State's issue is divided into two parts: (1) whether the trial court erred by requiring the State to
prove the prior conviction in a pretrial hearing; and (2) whether the alleged prior conviction that resulted in a
probated sentence could be used to elevate the offense to a felony. Because we determine that the trial court erred by
requiring the State to prove the prior conviction at the motion-to-quash hearing, we do not reach the State's second
sub-issue.
2. For the State to prove whether a prior conviction was final at a pretrial hearing, the State would be forced
to introduce a judgment and, if the prior conviction resulted in a probated sentence, a revocation order. Introducing
either document would, in essence, be delving into the sufficiency of the conviction to support the element of the
elevated offense. This, the trial court may not require at a pretrial hearing.