

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00135-CR

**JOHN PETER PULLIS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-1881-C1

## MEMORANDUM OPINION

John Peter Pullis appeals from a conviction for the felony offense of violation of a protective order with two prior convictions. *See* TEX. PEN. CODE ANN. § 25.07(g)(1) (West 2011). In his sole issue, Pullis complains that the trial court abused its discretion by denying his motion to quash the indictment because the trial court did not have jurisdiction due to the lack of finality of one of the prior convictions. Because we find no reversible error, we affirm the judgment of the trial court.

*Procedural History*

Pullis was indicted in October of 2012 for violating a protective order, which was alleged to have occurred on August 8, 2012. Pullis had pled guilty pursuant to a plea bargain after a jury had found him guilty of violating a protective order on August 7, 2012. That same day Pullis was sentenced for that offense and waived his right to appeal that conviction. The trial court also signed a certificate of right to appeal on August 7, 2012, which indicated that Pullis had no right to appeal that conviction.

On August 27, 2012, Pullis filed a notice of appeal of the August 7, 2012 conviction with this Court. *See, generally, Pullis v. State*, No. 10-13-00099-CR, 2013 Tex. App. LEXIS 7319 (Tex. App.—Waco June 13, 2012). That appeal was ultimately dismissed by this Court. *Id*.

Pullis filed a motion to quash the indictment arguing that the trial court did not have jurisdiction over the August 8, 2012 offense because of the lack of finality of the August 7, 2012 offense. The trial court denied the motion to quash, and Pullis pled guilty to violation of a protective order. The trial court granted Pullis the right to appeal the jurisdictional issue.

*Jurisdiction of the Trial Court*

Pullis's sole issue is: "The trial court erred by failing to rule that it lacked jurisdiction over the case at bar because one of the prior convictions necessary for the trial court to obtain jurisdiction was on appeal and not a final conviction."

The presentment of an indictment vests a district court with jurisdiction. TEX. CONST. Art. V, § 12(b). District courts and criminal district courts have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005). In addition, the 19th District Court of McLennan County has concurrent jurisdiction over misdemeanor offenses with the county court and statutory county courts of McLennan County. TEX. GOV'T CODE ANN. § 24.120(b-1) (West 2004). Violation of a protective order without the prior convictions is a class A misdemeanor. *See* TEX. PEN. CODE ANN. § 25.07(g). Because the 19th District court has concurrent jurisdiction over misdemeanor offenses, the trial court had subject matter jurisdiction over the offense even if it was not a felony offense.

### *Motion to Quash the Indictment*

In his brief to this Court, Pullis additionally complains in his sole issue that the trial court erroneously denied his motion to quash the indictment. Pullis argues that the trial court should have granted his motion because the appeal of the August 7, 2012 conviction was still pending when he was indicted for the August 8, 2012 offense. We review the sufficiency of an indictment *de novo*. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

An indictment must state facts which, if proved, show a violation of the law; the indictment must be dismissed if such facts would not constitute a criminal offense. *Posey v. State*, 545 S.W.2d 162, 163 (Tex. Crim. App. 1977). When the face of the indictment charges a felony, the district court does not lose jurisdiction if the State is only able to prove a misdemeanor at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 4.06; *Jones v. State*, 502 S.W.2d 771, 773-74 (Tex. Crim. App. 1973); *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.).

A charging instrument that is valid on its face and returned by a legally constituted grand jury is sufficient to mandate trial of the charge on its merits. *Meadows*, 170 S.W.3d at 620. The sufficiency of an indictment cannot be supported or defeated by evidence at a pretrial hearing. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (*dissenting op. adopted on reh'g*); *Meadows*, 170 S.W.3d at 620. An indictment must be facially tested under the law as a pleading. *Rosenbaum*, 910 S.W.2d at 948. In the pretrial setting, there is neither constitutional nor statutory authority for a defendant to test, or for a trial court to determine, the sufficiency of evidence to support or defeat an element alleged in the indictment. *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005); *Rosenbaum*, 910 S.W.2d at 948; *Meadows*, 170 S.W.3d at 620.

A motion to quash, like any pretrial motion, cannot be used to argue that the prosecution is unable to prove one of the elements of the crime. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); *Woods*, 153 S.W.3d at 415. A pretrial proceeding

should not be a "mini-trial" on the sufficiency of the evidence to support an element of the offense. *Lawrence*, 240 S.W.3d at 916. The trial court did not err by denying Pullis's motion to quash the indictment.[1] We overrule Pullis's sole issue and affirm the judgment of the trial court.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 2, 2014
Do not publish
[CR25]

---

[1] Pullis does not complain of the sufficiency of the evidence to support the August 7, 2012 conviction.