# NO. 12-13-00370-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN MAULDIN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justin Mauldin appeals his conviction for assault family violence. He raises three issues on appeal. We modify the judgment of the trial court, and as modified, affirm.

## BACKGROUND

Appellant was indicted for assault family violence. The indictment alleged that Appellant had a prior conviction for assault family violence, enhancing the offense to a third degree felony.

Appellant filed a pretrial motion to quash the indictment. In it, he alleged that the trial court lacked jurisdiction over the case because the State could not prove that the enhancement elevating this misdemeanor offense to a felony was for family violence—a prerequisite to the enhancement. Without the enhancement, his argument continued, the charged offense in this case is a misdemeanor over which the trial court lacks jurisdiction. After a hearing, the trial court denied the motion.

Appellant pleaded guilty pursuant to a negotiated plea agreement. The trial court accepted the agreement, found Appellant guilty of the offense, and found that the enhancement was true. The trial court sentenced Appellant to three years of imprisonment and certified Appellant's right to appeal. This appeal followed.

In his first issue, Appellant contends that the trial court erred when it denied his pretrial motion to quash the indictment.

**Standard of Review and Applicable Law**

The presentment of an indictment vests a district court with jurisdiction. TEX. CONST. art. V, § 12(b). District courts and criminal district courts have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Texas Code of Criminal Procedure Article 4.17. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005). When the face of the indictment charges a felony, the district court does not lose jurisdiction if the state is able to prove only a misdemeanor at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 4.06 (West 2005); *Jones v. State*, 502 S.W.2d 771, 773-74 (Tex. Crim. App. 1973); *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.).

A charging instrument that is valid on its face and returned by a legally constituted grand jury is sufficient to mandate trial of the charge on its merits. *Meadows*, 170 S.W.3d at 620. The sufficiency of an indictment cannot be supported or defeated by evidence at a pretrial hearing. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (dissenting op., adopted on reh'g); *Meadows*, 170 S.W.3d at 620. An indictment must be facially tested under the law as a pleading. *Rosenbaum*, 910 S.W.2d at 948. In the pretrial setting, there is neither constitutional nor statutory authority for a defendant to test, or for a trial court to determine, the sufficiency of evidence to support or defeat an element alleged in the indictment. *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005); *Rosenbaum*, 910 S.W.2d at 948; *Meadows*, 170 S.W.3d at 620.

We review a trial court's ruling on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Generally, when an indictment tracks the language of a statute, it will satisfy constitutional requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). A motion to quash, like any other pretrial motion, cannot be used to argue that the prosecution is unable to prove one of the elements of the crime. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007);

*Woods*, 153 S.W.3d at 415. A pretrial proceeding should not be a "mini-trial" on the sufficiency of the evidence to support an element of the offense. *Lawrence*, 240 S.W.3d at 916.

**Discussion**

The indictment in this case alleges the charged offense, and as an enhancement, alleges that Appellant was convicted of a prior offense

> under Chapter 22, Penal Code, against a member of the defendant's family and a member of the defendant's household and a person with whom the defendant has or has had a dating relationship, as described by Section 71.003 and 71.005 and 71.0021(b), Family Code, to wit: on the 18th day of October, 2005, in the County Court at Law No. 3 of Smith County, Texas, in cause number 003-82602-05.

At the pretrial hearing on his motion to quash the indictment, Appellant offered extrinsic evidence pertaining to the prior offense, including testimony from the victim of that offense, the plea agreement, and the judgment. Appellant attempted to show through this evidence that the prior offense was not an assault offense against a family member or household member, precluding the application of the enhancement in this case.

Particularly, he argued that, at the time the prior offense was committed, the statute authorized an enhancement, elevating the charged offense from a misdemeanor to a third degree felony, if the prior offense was against a family member or household member. *See* Act of June 17, 2005, 79th Leg., R.S., ch. 788, § 1, 2005 Tex. Sess. Law Serv. 2711, 2711 (West) (codified at TEX. PENAL CODE ANN. § 22.01(b)(2)). He argued that the victim in the prior offense met neither criteria. Rather, he contended that the prior assault was, if anything, an assault arising out of a dating relationship, and the statute permitting an enhancement pertaining to an assault arising out of a dating relationship did not go into effect until after the prior offense was committed. *See id.* ch. 788, § 7, 2005 Tex. Sess. Law Serv. 2711, 2713. Without the enhancement, he argues, the charged offense in this case is a misdemeanor, and the trial court lacked jurisdiction over the case.

This court may not examine any of the extrinsic evidence offered at the hearing to determine whether in fact the State may ultimately prove that the prior offense can properly serve as an enhancement. *See, e.g., Woods v. State*, 153 S.W.3d at 415; *Rosenbaum*, 910 S.W.2d at 948; *Meadows*, 170 S.W.3d at 620. Testing the indictment as a pleading, as we must, we note that it facially alleges an offense and an enhancement by tracking the language of the

statute. *See **id.*** Consequently, had the State not been able to prove that the prior offense serves as an enhancement, the trial court would still retain jurisdiction over the misdemeanor offense. *See **id.***

Since we may not consider Appellant's evidence in our review of this pretrial motion to quash, and since the indictment facially alleges an offense and an enhancement by tracking the language of the relevant penal statute, the trial court's jurisdiction was properly invoked. *See Meadows*, 170 S.W.3d at 619-20 (applying this rule to same statutory scheme for enhancing assault family violence case to felony and concluding that pretrial motion to dismiss was inappropriate vehicle to challenge indictment). Therefore, the trial court properly denied the motion to quash.

Appellant's first issue is overruled.


## COURT COSTS

In his second issue, Appellant contends that the trial court erred by imposing attorney's fees as court costs and by ordering that funds be withdrawn from his inmate trust account. In his third issue, Appellant contends that the evidence is legally insufficient for the trial court to assess costs. The State has joined Appellant's request on these issues.

### Standard of Review and Applicable Law

When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the cost, not to determine if there is sufficient evidence offered at trial to prove each cost. ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Although a defendant is entitled to notice and an opportunity to be heard when the state attempts to withdraw funds from his inmate trust account, neither needs to occur before the funds are withdrawn. ***Cardenas v. State***, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014) (citing ***Harrell v. State***, 286 S.W.3d 315, 319–21 (Tex. 2009)).

"If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided," the court "shall order the defendant to pay . . . as court costs the amount that it finds the defendant is able to pay." *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). The trial court's determination that a defendant has the financial resources to offset the costs of the legal services provided must be supported by some factual basis in the record. *See **id.***; ***Mayer v. State***, 309 S.W.3d 552, 557

4

(Tex. Crim. App. 2010). Absent a finding that the defendant has the financial resources and ability to pay, the evidence will be insufficient to support the imposition of attorney's fees. *See id.*; *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.) (citations omitted).

**Discussion**

The judgment of conviction assesses $579.00 as court costs and contains an order of withdrawal (Attachment A) directing that $389.00 be withdrawn from Appellant's inmate trust account. The bill of costs includes the assessment of attorney's fees in the amount of $300.00.

The record shows that the trial court appointed counsel to represent Appellant at trial and later appointed counsel to represent him on appeal. There is no factual basis in the record that shows Appellant has the financial resources to enable him to offset, in part or in whole, the costs of the legal services provided. *See id.* Accordingly, there is no factual basis supporting the imposition of attorney's fees as court costs. *Id.* We sustain Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant first issue, and having sustained Appellant's second and third issues, we *modify* the trial court's judgment to reflect that the amount of court costs is $279.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $279.00. We *affirm* the judgment *as modified.* *See* TEX. R. APP. P. 43.2(b).

SAM GRIFFITH
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-13-00370-CR**

**JUSTIN MAULDIN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0971-13)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $279.00. We also modify Attachment A to delete the assessment of attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $279.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*