

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00014-CR
No. 07-19-00015-CR

THE STATE OF TEXAS, APPELLANT

V.

ERIKA LOZANO-PELAYO, APPELLEE

On Appeal from the 381st District Court
Starr County, Texas[1]
Trial Court Nos. 18-CR-57 & 18-CR-59, Honorable Jose Luis Garza, Presiding

February 28, 2020

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, the State of Texas, filed the present interlocutory appeals[2] of the trial court's orders granting motions to quash filed by appellee, Erika Lozano-Pelayo. We reverse the trial court's orders and remand the cases for trial.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, these cases were transferred to this Court from the Fourth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] The State is entitled to appeal an order of a court in a criminal case if the order dismisses any portion of an indictment. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West 2018). At oral argument, the State confirmed that proceedings before the trial court have been stayed pending our disposition of these appeals. Id. at art. 44.01(e).

Factual and Procedural Background

In March of 2018, by two separate indictments, appellee was charged with the offenses of fraudulent use of application for ballot by mail, "Count I," and election fraud, "Count II," relating to Elvia Gallegos (07-19-00014-CR) [3] and Odalis Gutierrez (07-19-

---

[3] The indictment in cause number 07-19-00014-CR provides:

#### COUNT I

The grand jurors, duly selected, organized, sworn and impaneled as such for the County of Starr, State of Texas, at the January term, 2018, of the 381st district court of said county, upon their oaths present in and to said court that on or about the 27th day of December, 2017, in the county and state aforesaid, and anterior to the presentment of this indictment, Erika Lozano-Pelayo, did then and there knowingly provide false information on an application for ballot by mail and intentionally cause false information to be provided on an application for ballot by mail, to-wit: providing or causing to be provided information on the application for ballot by mail of Elvia Gallegos, in the March 2018 Primary election, that the application for ballot by mail was signed on the 27th of December, 2017,

And it is further presented to said court that said Erika Lozano-Pelayo committed another offense under this section in the March 2018 Primary election, to-wit: on or about the 2nd day of January, 2018, did then and there knowingly provide false information on an application for ballot by mail and intentionally cause false information to be provided on an application for ballot by mail, to-wit: information on the application for ballot by mail of Odalis Gutierrez that Odalis Gutierrez was disabled when Odalis Gutierrez was not in fact disabled,

#### COUNT II

And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 27th day of December, 2017, in said county and state, and anterior to the presentment of this indictment, Erika Lozano-Pelayo did then and there knowingly and intentionally make an effort to cause intentionally misleading information to be provided on the application for ballot by mail of Elvia Gallegos, in the March 2018 Primary election, to-wit: that the application for ballot by mail was signed on the 27th of December, 2017,

And it is further presented to said court that said Erika Lozano-Pelayo committed another offense under this section in the March 2018 Primary election, to-wit: on or about the 2nd day of January, 2018, did then and there knowingly and intentionally make an effort to cause an intentionally misleading statement, representation, or information to be provided on the application for ballot by mail of Odalis Gutierrez, to-wit: that Odalis Gutierrez was disabled when Odalis Gutierrez was not in fact disabled,

**AGAINST THE PEACE AND DIGNITY OF THIS STATE.**

00015-CR).[4]  The indictments allege that appellee's commission of these fraudulent acts in the same election are enhancements to the other offense.  In other words, appellee was indicted for committing the offenses of fraudulent use of application for ballot by mail and election fraud specifically related to appellee's obtaining a ballot in the name of Elvia Gallegos, and these offenses are enhanced by allegations that appellee committed the same offenses in the same election with regard to obtaining a ballot in the name of Odalis

---

[4] The indictment in cause number 07-19-00015-CR provides:

### COUNT I

The grand jurors, duly selected, organized, sworn and impaneled as such for the County of Starr, State of Texas, at the January term, 2018, of the 381st district court of said county, upon their oaths present in and to said court that on or about the 2nd day of January, 2018, in the county and state aforesaid, and anterior to the presentment of this indictment, Erika Lozano-Pelayo, did then and there knowingly provide false information on an application for ballot by mail and intentionally cause false information to be provided on an application for ballot by mail, to-wit: providing or causing to be provided information on the application for ballot by mail of Odalis Gutierrez, in the March 2018 Primary election, that Odalis Gutierrez was disabled when Odalis Gutierrez was not in fact disabled,

And it is further presented to said court that said Erika Lozano-Pelayo committed another offense under this section in the March 2018 Primary election, to-wit: on or about the 27th day of December, 2017, did then and there knowingly provide false information on an application for ballot by mail and intentionally cause false information to be provided on an application for ballot by mail, to-wit: information on the application for ballot by mail of Elvia Gallegos that the application for ballot by mail was signed on the 27th of December, 2017,

### COUNT II

And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 2nd day of January, 2018, in said county and state, and anterior to the presentment of this indictment, Erika Lozano-Pelayo did then and there knowingly and intentionally make an effort to cause intentionally misleading information to be provided on the application for ballot by mail of Odalis Gutierrez, in the March 2018 Primary election, to-wit: that Odalis Gutierrez was disabled when Odalis Gutierrez was not in fact disabled,

And it is further presented to said court that said Erika Lozano-Pelayo committed another offense under this section in the March 2018 Primary election, to-wit: on or about the 27th day of December, 2017, did then and there knowingly and intentionally make an effort to cause an intentionally misleading statement, representation, or information to be provided on the application for ballot by mail of Elvia Gallegos, to-wit: that the application for ballot by mail was signed on the 27th of December, 2017,

**AGAINST THE PEACE AND DIGNITY OF THIS STATE.**

Gutierrez. The indictment relating to appellee's alleged fraud in obtaining a ballot in the name of Odalis Gutierrez alleges that these offenses are enhanced because appellee committed the same offenses in the same election in obtaining a ballot in the name of Elvia Gallegos.

Prior to trial, appellee filed identical motions to quash the indictments. In her motions, appellee argued that the district court did not have jurisdiction over the Count II charges because election fraud is a class A misdemeanor. Appellee also contended that the indictments failed to provide her with fair notice of the offenses being charged because the offenses alleged in the Gallegos case would be presented as enhancements in the Gutierrez case, and vice versa. Appellee also contended that the indictments failed to give her fair notice of the distinctions between Counts I and II generally.

After holding a hearing on the motions to quash, the trial court entered its orders, which granted the motions in part and denied the motions in part. It held that the enhancement paragraphs of both counts in each case "must be set aside and removed from the indictment." It also ordered that the class A misdemeanors of election fraud be severed and transferred to the County Court at Law of Starr County, Texas. The trial court denied the portion of the motions relating to fair notice. The State filed notices of appeal of the trial court's rulings granting appellee's motions to quash.

Standard of Review

An appellate court reviews a trial court's ruling on a motion to quash de novo. *State v. Drummond*, 501 S.W.3d 78, 81 (Tex. Crim. App. 2016). Construction of a statute is a question of law, which is also reviewed de novo. *Cary v. State*, 507 S.W.3d 750, 756 (Tex. Crim. App. 2016). In construing a statute, we are to analyze the language to

4

effectuate the collective intent of the legislature. *Id.* We effectuate the legislature's intent by first looking to the text of a statute and construing the words and phrases used according to the normal rules of grammar and usage. *Id.* We presume that every word in a statute has been included for a purpose and should be given effect if reasonably possible. *Id.* If the language used is unambiguous and does not lead to absurd results, we will construe it according to its plain language without resort to extra-textual sources. *Id.*

## The Statutes

By Act of August 11, 2017, the legislature enacted the two statutes that are at issue in these interlocutory appeals. This Act created a new offense entitled "Election Fraud," codified as Texas Election Code section 276.013, as well as amending the prior offense of "Providing False Information on Application" to "Fraudulent Use of Application for Ballot by Mail," codified as Texas Election Code section 84.0041. Act of Aug. 11, 2017, 85th Leg., 1st C.S., ch. 1, §§ 4, 17, 2017 Tex. Gen. Laws 4493, 4494, 4498. The election fraud provision makes it an offense to, *inter alia*, "knowingly or intentionally make[] any effort to . . . cause any intentionally misleading statement, representation, or information to be provided . . . on an application for ballot by mail, carrier envelope, or any other official election-related form or document." TEX. ELEC. CODE ANN. § 276.013(a)(3)(B) (West Supp. 2019).[5] The fraudulent use of application for ballot by mail provision makes it an offense to "knowingly provide[] false information on an application for ballot by mail" or "intentionally cause[] false information to be provided on an application for ballot by

---

[5] Further reference to provisions of the Texas Election Code will be by reference to "section __" or "§ __."

mail." § 84.0041(a)(1), (2) (West Supp. 2019). Election fraud is a class A misdemeanor, *see* section 276.013(b), while fraudulent use of application for ballot by mail is a state jail felony, *see* section 84.0041(b). However, both provisions provide that "[a]n offense under this section is increased to the next higher category of offense if it is shown on the trial of an offense" that either "the defendant was previously convicted of an offense under this code" or "the defendant committed another offense under this section in the same election." §§ 84.0041(d), 276.013(c).

Analysis

Section 276.013 – Election Fraud

The State, by its first issue, contends that the district court erred in determining that it did not have jurisdiction over the claims of election fraud asserted against appellee. Appellee, in her motions to quash, contended that election fraud is a misdemeanor and, therefore, the district court lacked jurisdiction over these claims. While a single violation of the statute is a class A misdemeanor, two or more violations of the statute within the same election is "increased to the next higher category of offense," which, in these cases, would be a state jail felony. § 276.013(b), (c)(3). We must determine whether this enhancement language is an element of the offense or a punishment issue.

When a statutory element, such as a prior conviction, is used to elevate what would otherwise be a misdemeanor up to a felony, such an enhancement is jurisdictional and must be alleged in the indictment. *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). These jurisdictional enhancement allegations vest jurisdiction over the offense in the district court and become essential elements of the offense. *Oliva v. State*, 548 S.W.3d 518, 533 (Tex. Crim. App. 2018). An enhancement allegation that would

6

"otherwise be a punishment issue must become an element because it is jurisdictional."

*Id.*

When reviewing the plain meaning of the language used in the election fraud statute, a single offense is a class A misdemeanor. § 276.013(b). However, this misdemeanor offense is "increased to the next higher category of offense if it is shown on the trial of an offense . . . that . . . the defendant committed another offense under this section in the same election." § 276.013(c)(3). The next higher category is a state jail felony. As such, the allegations that appellee committed a second offense of election fraud within the same election is jurisdictional and raises each offense from a misdemeanor to a felony. *See Oliva*, 548 S.W.3d at 533 ("our caselaw has explicitly recognized that 'jurisdictional' allegations are those that raise the level of the offense from a misdemeanor to a felony, which in turn results in vesting jurisdiction of the offense in district court . . . ."); *State v. Wheeler*, 790 S.W.2d 415, 416 (Tex. App.—Amarillo 1990, no pet.) (reversing order to quash prior-conviction jurisdictional enhancement because, since jurisdictional, enhancement had to be pled and proven as an element of the offense). Consequently, we conclude that the State's indictments of appellee for election fraud were proper to invoke the district court's felony jurisdiction and the jurisdictional enhancements are an element of the state jail felony offense of election fraud, which must be proven by the State at trial.

Appellee argues that, in the Gallegos case (07-19-00014-CR), the enhancement allegation occurs after the base offense and, therefore, this allegation cannot be used to enhance the offense because the statute uses the word "committed," which denotes that the enhancement must have occurred prior to the base offense. An election fraud offense

7

is enhanced if it is shown that "the defendant committed another offense under this section in the same election." § 276.013(c)(3). The plain language of this provision requires only that it be shown that appellee committed another offense of election fraud *during the same election*. Nothing in the language used requires the commission of the enhancement offense to occur prior to the base offense. The only express or implied requirements relating to timing that can be found in subsection (c)(3) of section 276.013 is that the offenses occur in the same election and before trial. In fact, section 276.013 itself illustrates that the legislature is aware of how to require a particular sequence of offenses. *See* § 276.013(c)(1) (it is an enhancement to the base offense of election fraud if it is shown that the defendant "was *previously* convicted of an offense under this code . . . ." (emphasis added)). Based on our construction of the enhancement provision, the State must be given an opportunity to prove that appellee committed another offense of election fraud in the same election. *See State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.) (reversing trial court's order dismissing indictment on basis that State must be given opportunity to prove jurisdictional enhancement at trial).

For the foregoing reasons, we sustain the State's first issue and reverse the trial court's orders granting appellee's motions to quash the enhancement paragraphs for the election fraud charges and transferring these charges to the County Court at Law of Starr County.

Section 84.0041 – Fraudulent Use of Application for Ballot by Mail

By its second issue, the State contends that the trial court erred in quashing the enhancement paragraphs related to the charges under section 84.0041. The enhancement provision of section 84.0041 is distinguishable from that of section 276.013.

8

While a single violation of section 84.0041 is a state jail felony, two or more violations of the statute within the same election is "increased to the next higher category of offense," which would be a third-degree felony. § 84.0041(b), (d)(3). As with the election fraud statute, we must determine whether this enhancement language is an element of the offense or a punishment issue.

Unlike the election fraud statute, a single violation of the offense of fraudulent use of an application for ballot by mail is already a felony. § 84.0041(b). Consequently, an enhancement that increases the offense to the next higher category of offense is not jurisdictional. *See Oliva*, 548 S.W.3d at 533 (enhancements are jurisdictional when they raise the level of the offense from misdemeanor to felony).

Since the enhancement provision of section 84.0041 is not jurisdictional, its language indicates that the enhancement provision is intended to be limited to a punishment issue. Section 84.0041(d) includes the language "if it is shown on the trial of an offense . . . ." While not always indicative of a punishment issue,[6] it is a phrase that is "consistently restricted in the Penal Code 'to matters dealing only with punishment.'" *Id*. at 527 (quoting *Wilson v. State*, 772 S.W.2d 118, 123 (Tex. Crim. App. 1989)).

Since the enhancement provision of section 84.0041 is not jurisdictional but includes language which is often associated with punishment issues, we conclude that the legislature intended it to prescribe a punishment issue. We reach this conclusion fully aware that the language used in the enhancement provision of section 84.0041 is

---

[6] Section 276.013(c)(3) also includes this "if it is shown on the trial" language. However, because the enhancement in that statute is jurisdictional, we have concluded that the enhancement is an element of the offense regardless of its inclusion of this language. This is consistent with precedent of the Court of Criminal Appeals since it acknowledges that, "it is not always true that this phrase ('if it is shown on the trial of') causes a statute to prescribe a punishment issue." *Id*. at 528.

9

identical to that used in section 276.013. However, because the enhancement provision of section 84.0041 is not jurisdictional, we conclude that it is a punishment issue that will be litigated only if appellee is first found guilty of the primary offense of fraudulent use of an application for ballot by mail.

Appellee argues that the indictments create a situation in which her pleas to the base allegations could preclude her pleas on the enhancement allegations. We do not perceive the indictments to create such an issue. As we have concluded above, the base charges under section 276.013 as well as their enhancements must be proven by the State during the guilt-innocence phase of the trial to meet its burden of proof on the indicted charge of state-jail-felony election fraud. Likewise, enhancements under section 84.0041 will not be put in issue until or unless appellee is found guilty of the base offenses. If she is found guilty, she will be afforded an opportunity to plead to the enhancement allegations. Nothing in the statutes or in how she was charged by the indictments alters appellee's ability to freely enter any plea she desires as to any of the charges.

Consequently, we sustain the State's second issue and reverse the trial court's orders quashing the enhancement paragraphs related to the underlying fraudulent use of application for ballot by mail charges.

<u>McWilliams v. State</u>

Appellee cites *McWilliams v. State*, 782 S.W.2d 871 (Tex. Crim. App. 1990), in support of her proposition that the enhancement allegations are being used as both an element of the offense and as a punishment issue. However, we find *McWilliams* to be inapplicable to the present cases. *McWilliams* prohibits the use of a prior conviction as an essential element of the charged offense *and* as a penalty enhancement of the same

10

offense. *Id.* at 875-76. In the present cases, the enhancement paragraphs of the charge under section 276.013 are an element of the charged offenses, which is not also being used as a punishment enhancement. By contrast, the enhancement allegations of the charges under section 84.0041 are not elements of the charged offenses and are an issue of penalty enhancement only if appellee is found guilty of the base offenses. Consequently, we conclude that the indictments in the present cases do not violate *McWilliams*.

## Conclusion

For the foregoing reasons, we reverse the trial court's orders granting appellee's motions to quash the enhancement allegations of the indictments and remand the cases to that court for further proceedings. TEX. R. APP. P. 43.2(d).

Judy C. Parker
Justice

Publish.